250    APPELLATE COURTS OF ILLINOIS.

Castelano v. Chicago & Joliet Electric Ry. Co., 149 App. 250.

## Tony Castelano, Plaintiff in Error, v. Chicago & Joliet Electric Railway Company, Defendant in Error.

### Gen. No. 5,064.

1. VERDICTS—*when not disturbed*. If the evidence upon an issue of fact is conflicting, the verdict of the jury approved by the trial judge will not be disturbed in the absence of material error of law.

2. INSTRUCTIONS—*effect of repetitions*. While it may be unnecessary for the court to give to the jury many instructions defining a particular duty, yet if such instructions so given correctly state the law, the repetition of such correct principle does not amount to reversible error.

3. INSTRUCTIONS—*what justifies refusal*. If an instruction is long and involved and contains an improper statement, even though otherwise correct, the court is justified in its refusal.

4. PASSENGER AND CARRIER—*when doctrine res ipsa loquitur does not apply*. The doctrine *res ipsa loquitur* has no general application to injuries resulting to a passenger. If, however, an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, or by some defect in machinery, cars or track, and the accident is of such a character as does not ordinarily occur if due care is used, the law comes to the aid of the passenger and raises a presumption of negligence.

Action in case for personal injuries. Error to the Circuit Court of Will county; the Hon. A. O. MARSHALL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

REYNOLDS & PURKHISER, for plaintiff in error; E. C. HALL, of counsel.

E. MEERS, for defendant in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

The Chicago & Joliet Electric Railway Company, defendant in error, hereinafter called defendant, operated an electric railway in Joliet, Illinois. September 21, 1905, Tony Castelano, plaintiff in error, hereinafter called plaintiff, boarded one of defendant's cars at South Richards street, to go to his boarding house on

Collins street. To reach the latter place, it was necessary for him to change cars. He procured a transfer from the conductor upon paying his fare, and in the heart of the city changed to a Lockport car. He had a valise in one hand and a dinner pail in the other or on his arm, and in alighting from the car, in some way he fell or jumped or was thrown to the ground, and his left arm went under the front wheels and was so injured that it required amputation. He brought this suit in the Circuit Court of Will county to recover for the injuries so sustained.

The declaration contained three counts. The first and second counts each charged that the car stopped; the first, that it stopped fifty feet north of Elwood street; the second, that it stopped at the intersection of Elwood and Collins streets and that while plaintiff was endeavoring to alight, it suddenly started without warning and threw him. The third count charged that the car did not quite stop, but traveled very slowly over the Elwood street crossing, and that while plaintiff was standing with one foot on the car and the other on the foot board, and holding on the arm of the seat, the car, without coming to a full stop, started with a sudden and violent jerk forward and thereby plaintiff was thrown upon the ground. Each count averred that his left arm was torn from his body and that he was otherwise permanently injured, and that he was in the exercise of due care for his own safety when injured. There was a plea of not guilty, and a trial and verdict for defendant. A motion for a new trial was denied, judgment was entered on the verdict, and this writ of error was sued out by plaintiff to review this judgment.

Plaintiff testified that he sat on the front platform back and to the right of the motorman, and that he told the conductor, upon handing him his transfer slip, that he desired to get off at Columbia street, and that he stood up and told the conductor he wanted to get off before coming to Columbia street but that the car

252    APPELLATE COURTS OF ILLINOIS.

Castelano v. Chicago & Joliet Electric Ry. Co., 149 App. 250.

was not stopped there; and that before the car reached Elwood, the next intersecting street, he indicated his desire to the conductor and motorman to get off there. Five witnesses called by plaintiff testified that the car stopped north of Elwood street, some saying it stopped thirty or forty feet north, others that it stopped about the middle of the block, and then started forward with a jerk.

The conductor denied that the plaintiff notified him that he wished to get off at Columbia street and denied that he signaled that he wished to get off. The motorman testified that after he left Elwood street, he asked plaintiff if he wanted to get off, and that plaintiff nodded his head; that he then shut off the power intending to stop at the next street to let plaintiff off, and the next thing he knew plaintiff was on the ground, and that he stopped his car as quickly as he could. One witness called for defendant, testified that the car was going very slowly at the time plaintiff left the car. Five other witnesses testified that the car was moving when plaintiff got off, and one that plaintiff was being dragged when the witness first saw him. Three witnesses testified that plaintiff was back of the front trucks when he was picked up, two that he went under the trucks, one that he was near the center of the car, and one that he was under the second seat. All of defendant's witnesses who remembered whether the car stopped or not, testified that it did not stop until after he fell from the car.

If the car started forward with a jerk as plaintiff was attempting to alight, it is doubtful if it could have been stopped as quickly as it must have been, since plaintiff lay near the front trucks when he was picked up. If it were moving slowly, a question of fact was presented for the jury as to whether plaintiff was exercising due care in attempting to alight from the car while it was in motion. On the question of fact presented by the first and second counts, the evidence was very conflicting, and the jury having decided it and the trial

judge having approved their verdict, we should not, in the absence of material error of law, be warranted in interfering with their findings.

Appellant complains that the court erred in giving appellee's third, fourth, fifth, eleventh and twelfth instructions. The criticism of these instructions is that they repeat and give prominence to the care required of plaintiff for his own safety. Each correctly stated the degree of care imposed by law upon plaintiff. It was no doubt unnecessary for the court to give so many instructions defining plaintiff's duty in that particular, but they accurately stated the law, and a repetition of a correct principle does not amount to reversible error.

It is argued by plaintiff that the facts justify the application of the doctrine of *res ipsa loquitur, i. e.,* proof that plaintiff was a passenger for hire and was injured makes a *prima facie* case, and that defendant's instructions ignore that doctrine. The *res ipsa loquitur* maxim has a proper and legitimate application in actions for negligence, including an action against a carrier of passengers for an injury to a passenger; but the maxim does not apply upon mere proof that an accident has happened to the passenger. A carrier of passengers is not an insurer of their safety, and therefore liability does not arise from the mere happening of an accident; but the carrier is held to the exercise of the highest degree of care consistent with the mode of carriage and the practical operation of the business, and is liable for an injury resulting from such want of care. If an injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, or by some defect in machinery, cars or tracks, and the accident is of such a character as does not ordinarily occur if due care is used, the law comes to the aid of plaintiff and raises a presumption of negligence. The presumption arises, however, from the nature of the accident and the circumstances, and not from the mere

fact of the accident itself. Barnes v. Danville St. Ry. Co., 235 Ill. 566. Plaintiff, in support of his contention, relies on Chicago City Ry. Co. v. Carroll, 206 Ill. 318. In that case, the trolley pole from the car from which appellee had just alighted or was alighting, struck him upon the head and knocked him down. This accident was caused by a defect in appellant's appliances or machinery over which it had control, and over which appellee had no control. In the case at bar, plaintiff was not injured by the breakage or failure of any appliance owned or controlled by the carrier, and whether it was in consequence of the act, omission or mistake of its servants, was a question of fact for the jury. Therefore, we conclude that the Carroll case is not applicable. There was no error in defendant's instructions in the particular complained of.

The grave question is, did the court err in refusing plaintiff's second instruction, drawn to apply to the third count which charged that the car slowed up and then suddenly started. It was modeled and partially copied from the first instruction given on behalf of appellee in Springfield Ry. Co. v. Hoeffner, 175 Ill. 634. It consumes nearly three pages of the abstract, and we deem it unnecessary to lengthen this opinion by quoting it *in extenso*. Although the instruction was long and involved, there was evidence enough to warrant the court in giving it, but for the fact that there appeared therein, this statement, "said car then and there being moved very slowly." This might have been understood by the jury to be a statement by the court. The court might have amended the instruction so as to have left that question to the jury but if it had been given as asked and there had been a judgment for plaintiff, it could have been urged with a great show of reason that the court instructed the jury that the car was moving very slowly, thus invading the province of the jury. In view, then, of the improper statement in the instruction, and its long and involved character, and that substantially all of plaintiff's evi-

dence went to make a case under the first and second counts, and that there was but slight or little evidence tending to make a case under the third count, we conclude that the judgment should not be reversed on account of the refusal of that instruction.

The judgment is affirmed.

*Affirmed.*