# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## H. E. RIGGSBY V. HELEN PARRISH TRITTON, ET AL.

October 1, 1925.

Absent, Christian, J.

1. CARRIERS—*Definition of Common Carrier.*—A common carrier of passengers is one who undertakes for hire to carry all persons indifferently, who may apply for passage, so long as there is room and there is no legal excuse for refusing.

2. CARRIERS—*Common Carriers—Jitney.*—One engaged in the business of operating a jitney from and to various points in a city, over a well defined route, for hire and reward, who offers his services in this respect to all alike without discrimination or distinction, is a common carrier.

3. CARRIERS—*Jitneys—Diligence and Care Owed to Passengers.*—A jitney driver, who is a common carrier of passengers, owes his passengers the utmost care, diligence and foresight in the operation and management of his jitney; and if he is guilty of the slightest negligence whereby his passenger is injured, without negligence on the part of his passenger, he is liable.

4. STREETS AND HIGHWAYS—*Negligence—Res Ipsa Loquitur.*—The doctrine of *res ipsa loquitur,* as applied to street and highway accidents, depends upon the nature and quality of the accident rather than upon the fact of accident. In view of the hazards of the highways, negligence on the part of no particular driver can be predicated on a collision in the absence of evidence. The accident in itself raises no presumption.

5. NEGLIGENCE—*Res Ipsa Loquitur—Nature and Quality of the Accident.*— The presumption of negligence, arising from an accident in which a passenger is injured, does not arise from the abstract fact of an accident to a passenger, but arises from a consideration of the nature and quality of the accident; and it must appear that it was such an accident as does not, in the usual course of things, happen to passengers when due care is exercised on the part of the carrier.

6. NEGLIGENCE—*Res Ipsa Loquitur—Application of the Doctrine—Absence of Evidence.*—The rule of *res ipsa loquitur* is one of evidence and amounts to a *prima facie* presumption of fact sometimes resorted to by the court in the absence of evidence. It is a rule of necessity,

to be invoked only when necessary evidence is absent and not readily available. On the other hand, it is not to be invoked when the evidence is in fact available and, a *fortiori*, not when it is actually presented. In such circumstances the case goes to the jury unhampered by any presumption at all.

7. NEGLIGENCE—*Res Ipsa Loquitur—Burden of Proof.*—While the burden is always upon the plaintiff to establish his right to recover by the preponderance of evidence, in cases where the causes of the accident are peculiarly within the knowledge of the defendant, proof of the happening of the accident (such as a derailment) establishes a *prima facie* case which calls for rebuttal and explanation on the part of the defendant. The plaintiff by proving the accident has reasonable evidence on which the jurors may, if they think fit, find a verdict for him.

8. NEGLIGENCE—*Res Ipsa Loquitur—Peculiar Knowledge of Defendant—Case at Bar.*—In the instant case, an action for injuries to a jitney passenger arising out of a collision between the jitney and a truck, there was no knowledge peculiarly in the breast of defendant, the driver of the jitney, and there was no evidence not readily accessible to the plaintiff. The necessity for presumptions therefor, or for secondary evidence, did not arise at all. There was nothing in the nature or quality of the accident to call for them, and the doctrine of *res ipsa loquitur* had no application. Where the cause of the accident is explained, the doctrine does not apply.

9. NEGLIGENCE—*Res Ipsa Loquitur—Injury to a Jitney Passenger from Collision with Another Car—Instructions.*—In an action by a jitney passenger against the driver of the jitney, the court instructed the jury that if the driver was a common carrier of passengers, and the plaintiff while his passenger was injured as the result of a collision of the jitney and another automobile, there was a *prima facie* presumption that the accident and injury occurred by reason of the negligence of the defendant.

    *Held:* Error, as the doctrine of *res ipsa loquitur* had no application to the particular facts in the instant action.

10. NEGLIGENCE—*Res Ipsa Loquitur—Burden of Proof—Instructions.*—An instruction that the burden of proof is upon the defendant carrier to rebut the presumption of negligence arising from the accident to a passenger, is erroneous.

11. NEGLIGENCE—*Res Ipsa Loquitur—Presumption—Burden of Proof—Evidential—Weight of the Presumption.*—The doctrine of *res ipsa loquitur* is evidential and the presumption is a substitute for direct testimony. The presumption can have no greater weight than the testimony for which it is a substitute. It would be manifestly improper to say to the jury, after the plaintiff had introduced a certain amount of evidence, that the burden of proof shifted to the defendant. The doctrine of *res ipsa loquitur* has nothing to do with

the burden of proof at all. It shifts the burden of evidence but not the burden of proof.

12. PRESUMPTION AND BURDEN OF PROOF—*Shifting of Burden of Proof—Burden of Producing Evidence.*—If, by burden of proof, we mean the burden of producing evidence, than that burden passes from party to party frequently during the progress of a trial. But if, by burden of proof, we mean the necessity, which always rests upon a plaintiff to prove his case, then it never shifts.

13. INSTRUCTIONS—*Evidence to Support Instruction—Damages—Medical Attention.*—In an action by a passenger against a carrier for injuries, it was error to instruct the jury that if they found for the plaintiff they should take into consideration the necessary expenses for medicine and medical attention, where there was no evidence on which to base the instruction. The passenger was attended by a physician, but the jury was left to guess as to his charges.

Error to a judgment of the Circuit Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed and remanded.*

The opinion states the case.

*Williams & Mullen* and *Guy B. Hazelgrove,* for the plaintiff in error.

*Jas. R. Sheppard, Jr.,* and *Elsworth Wiltshire,* for the defendants in error.

HOLT, J., delivered the opinion of the court.

This is a motion for judgment for money brought by Mrs. Helen Parrish Tritton against H. E. Riggsby and A. F. Franklin.

The terms, plaintiff and defendants, will be used here as they were in the trial court.

In the day time, and on October 4, 1922, Mrs. Tritton was a passenger in a jitney driven by Riggsby. She was going east on Franklin street in the city of

Richmond and on the south side thereof, and was struck at its intersection with Jefferson street by Franklin who was driving a one-ton truck and who was himself going south on that street and on the west side thereof. These streets cross each other at right angles.

[1, 2] Under instructions, matters in issue were submitted to a jury. It returned a verdict against Riggsby alone. This verdict the court was asked to set aside as contrary to the law and evidence. Riggsby's motion was overruled and judgment entered, to which exception was duly taken. That exception and those which grew out of the giving of certain instructions are the basis of all errors assigned.

We will consider these assignments in the order followed in the petition for a writ of error.

Complaint is made of instructions I and II. They are:

"I. The court instructs the jury that a common carrier of passengers is one who undertakes for hire to carry all persons indifferently, who may apply for passage, so long as there is room and there is no legal excuse for refusing.

"II. The court instructs the jury that if you believe from the evidence that H. E. Riggsby was engaged in the business of operating a jitney from and to various points in the city, over a well defined route, for hire and reward; that he offered his services in this respect to all alike without discrimination or distinction; then the said H. E. Riggsby was a common carrier."

Both of these instructions were proper. They state the law correctly and are amply supported by the evidence. Berry on Automobiles, section 1514, and *Scott* v. *Weiss*, 92 N. J. L. 404.

[3] Instruction 11½ is: "If the jury believe from the evidence that the defendant, H. E. Riggsby, was a

common arrier of passengers, and that the plaintiff, on the occasion in question, was his passenger, then the court instructs the jury that H. E. Riggsby owed the plaintiff the utmost care, diligence and foresight in the operation and management of his jitney; and, if they believe from the evidence that the said Riggsby was guilty of the slightest negligence, whereby the plaintiff was injured without negligence on her part, they shall find for the plaintiff."

We see nothing wrong with this.

[4, 5] The third instruction is: "If the jury believe from the evidence that H. E. Riggsby was a common carrier of passengers, and that the plaintiff was his passenger and that while such passenger the plaintiff was injured as a result of a collision between the jitney and the automobile of the defendant Franklin, then the court instructs the jury that there is a *prima facie* presumption that the accident and injury occurred by reason of the negligence of H. E. Riggsby and the burden of proof is upon Riggsby to rebut such presumption; that is to say, the burden is upon him to show that he was without negligence in the collision."

Petitioner claims that this instruction is erroneous and goes to the heart of the case.

It, and the application of those principles upon which it is based, must be considered in some detail.

This brings to our consideration the doctrine of *res ipsa loquitur*, on which, as Judge Burke has observed, much ink has been shed.

The following are authoritative and satisfactory statements of those general principles out of which this presumption grew:

In *Scott* v. *London St. K. Docks Co.*, 3 H. & C. 596, Erle, C. J., observed that in order for it to apply "there must be reasonable evidence of negligence, but where

the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

Shearman & Redfield on Negligence, section 59, state that: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care. So, also: 'Where it is shown that the accident is such that its real cause may be the negligence of the defendant, and that, whether it is so or not, is within the knowledge of the defendant, the plaintiff may give the required evidence of negligence, without himself explaining the real cause of the accident, by proving the circumstances, and thus raising a presumption that, if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant.'"

Wigmore on Evidence, section 2509, concludes his discussion of this subject with these observations: "What the final accepted shape of the rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged; (3) the injurious occurrence or

condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him, but inaccessible to the injured person."

From the decided cases it appears that the weight of authority favors the application of this doctrine as contended for by the plaintiff. They are collected in a note to 29 L. R. A. (N. S.), 812. This law took form in the main when traffic conditions were different and before automobiles came into universal use.

The reasoning on some of them is that accidents of this kind do not usually happen when proper care is exercised, see *Housel* v. *Pacific Electric R. Co.*, 167 Cal. 245, 139 Pac. 73, 51 L. R. A. (N. S.) 1105, Ann. Cas. 1915C, 665; and *Hodge* v. *Sycamore Coal Company*, 82 W. Va. 106, 95 S. E. 808. The majority, however, rest upon the broad proposition that when one has shown that he was a passenger and was injured while being carried as such, that in itself is sufficient, he, by virtue of the accident and without recourse to evidence, has made out a *prima facie* case against the common carrier. In such circumstances the doctrine of *res ipsa loquitur* applies. *Price* v. *Metropolitian R. Co.*, 220 Mo. 435, 119 S. W. 932, 132 Am. St. Rep. 588; and *Sewall* v. *Detroit United R. Co.*, 158 Mich. 407, 123 N. W. 2.

Neither theory has been unqualifiedly adopted in Virginia. It has always been necessary that we look to the nature and quality of the accident. These cases which sustain the presumption do so, not because there was an accident, but because of its character.

The first proposition involves the doctrine of probabilities and is based upon the common experience of men. It may have been and doubtless was sound reasoning when first evolved, but it does not apply to road conditions which obtain today, for it has come to pass that hazards of the highways distance perils of the great deep; that care is little protection against the reckless, and accidents continue to occur with increasing frequency. This as a practical proposition has come to be so generally recognized that casualty companies regard it as a major danger and charge accordingly for insuring against it. As a result of common experience we have come to recognize the fact that the most prudent of drivers is in constant danger, and to recognize the further fact that negligence on the part of no particular driver can be predicated on a collision in the absence of evidence.

The accident in itself raises no presumption.

This phase of this question was considered in *Roanoke Ry. Co.* v. *Sterrett*, 108 Va. 553, 62 S. E. 385, 128 Am. St. Rep. 971, 19 L. R. A. (N. S.) 316, where the court said: "The presumption of negligence suggested does not arise from the abstract fact of an accident to a passenger, but arises from a consideration of the nature and quality of the accident; and it must appear that it was such an accident as does not, in the usual course of things, happen to passengers when due care is exercised on the part of the carrier. Thompson on Negligence, vol. 3, section 3484; *Richmond Ry. & Elec. Co.* v. *Hudgins*, 100 Va. 409, 41 S. E. 736."

In *Murphy's Hotel* v. *Cuddy's Adm'r*, 124 Va. 207, 97 S. E. 794, the court said: "It is also well settled law that 'if an injury to a passenger is caused by an apparatus wholly under the control of the carrier and furnished and applied by it  *  *  *  *  and the acci-

dent is of such a character as does not ordinarily occur if due care is used, the law comes to the aid of the plaintiff and raises a presumption of negligence. The presumption arises, however, from the nature of the accident and the circumstances and not from the mere fact of the accident itself.' *Castelano* v. *Chicago & Joliet Elec. Ry. Co.*, 149 Ill. App. 250, 253."

See also *Eaton* v. *Wilmington City Railway Co.*, 1 Boyce (Del.) 435, 75 Atl. 369, which states the law to be as it is set out in *Roanoke Railway Co.* v. *Sterrett, supra.*

In *Elliott* v. *Brooklyn Heights R. Co.*, 127 App. Div. 300, 111 N. Y. S. 358, it was held that no presumption arose in a case in which a passenger was injured by a rear end collision with a car operated by another company.

In *Loehner* v. *North Chicago, etc., Co., et al.*, 116 Ill. App. 365, it was said: "There is no doubt but such is the general rule. But there is a well-defined exception to this rule, namely, that where the approximate cause  *  *  *  *  at least, in part, was the act of a third person over whom the carrier had no control. The presumption of negligence from the happening of the accident does not arise, but the duty of proving the negligence of the carrier rests upon the passenger."

This statement of the law was quoted with approval in *Union Traction Co. of Indiana* v. *Mann*, 72 Ind. App. 50, 124 N. E. 510.

In *Stangy* v. *Boston, etc., Railway Co.*, 220 Mass. 414, 107 N. E. 933, the court said: "The case at bar is not within the doctrine of *res ipsa loquitur*, which oftentimes is enough to support a finding of negligence on the part of a common carrier  *  *  *  *  *  *  * That doctrine does not establish liability where a definite cause is clear on the evidence. It applies only when the

cause, although unexplained, does not happen according to common experience without fault on the part of the defendant."

In *Long* v. *Pennsylvania R. Co.*, 147 Pa. 345, 23 Atl. 459, 14 L. R. A. 741, 30 Am. St. Rep. 732, it was said, speaking of the doctrine of *res ipsa loquitur*:

"This presumption, it will be noticed, arises, not out of the character of the carrier, but out of the nature of the accident. The injurious accident must be connected with the appliances for transportation which are provided by the carrier, are under its exclusive care and control, and whose condition it is bound to know."

[6] These authorities give ample support to that statement of the law formulated by judge Harrison in the *Roanoke Railway Co. Case, supra.* The rule itself is one of evidence and amounts to a *prima facie* presumption of fact sometime, resorted to by the court in the absence of evidence. It is a rule of necessity, to be invoked only when necessary evidence is absent and not readily available. On the other hand, it is not to be invoked when the evidence is in fact available and, a *fortiori*, not when it is actually presented. In such circumstances the case goes to the jury unhampered by any presumption at all.

This proposition is thus stated by Mr. Justice Pitney in *Sweeney* v. *Erving*, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914 D, 905: "In our opinion, *res ipsa loquitur* means that the facts of the occurrence warranted the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the

jury, not that they forestall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff." These observations are quoted with approval by Judge Burks in *Hines, Director General* v. *Beard*, 130 Va. 286, 107 S. E. 717.

The Supreme Court of North Carolina had occasion to express itself on this subject in *Baldwin* v. *Smitherman*, 171 N. C. 772, 88 S. E. 854, and said: "The question of *res ipsa loquitur*, which plaintiff desires to have considered, is hardly available on the record; for all the conditions attendant on the occurrence were fully observed and testified to by the witnesses, and the case was properly made to depend upon whether the account of the occurrence given by the plaintiff or by defendant's witnesses should prevail."

These authorities support that qualification of the rule suggested by Professor Wigmore as necessary to be considered whenever the rule itself is invoked. In the instant case eye witnesses have testified to every phase of the accident. There was no evidence accessible to Riggsby and inaccessible to the plaintiff.

There was a conflict of evidence, but no want of evidence. If a conflict was all that was necessary to put the maxim into effect, there would never be any occasion to look either to the nature or quality of the accident.

[7] Another manner of expressing the same underlying rule was adopted by this court in *Washington Railway Co.* v. *Bouknight*, 113 Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546, cited with approval on this point in *Norfolk Southern R. Co.* v. *Tomlinson*, 116 Va. 153, 81 S. E. 89, where the proposition was stressed

that the cause of the accident must be peculiarly within the knowledge of the defendant. The court said:

"While the burden    *    *    *    is always upon the plaintiff to establish his right to recover by the preponderance of evidence, in cases where the causes of the accident are peculiarly within the knowledge of the defendant, proof of the happening of the accident (such as a derailment) establishes a *prima facie* case which calls for rebuttal and explanation on the part of the defendant. The plaintiff, by proving the accident, has reasonable evidence on which the jurors may, if they think fit, find a verdict for him."

[8] In the case in judgment there was no knowledge peculiarly in the breast of the defendant, Riggsby, and there was no evidence not readily accessible to the plaintiff. The necessity for presumptions or for secondary evidence did not arise at all. There was nothing in the nature or quality of the accident to call for them.

In *N. & W. Ry. Co.* v. *Poole's Admr.*, 100 Va. 148, 40 S. E. 627, Judge Buchanan said:

"Where damages are claimed for injuries which may have resulted from one of two causes, for one of which the defendant is responsible and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by the preponderance of the evidence.

"The doctrine of *res ipsa loquitur* can have no application where the accident is due to a defective appliance under the management of the plaintiff, nor to a case involving divided responsibility, where an unexplained accident may have been attributed to one of

several causes, for some of which defendant is not responsible." *Peters* v. *Traction Company*, 108 Va. 333, 61 S. E. 745, 22 L. R. A. (N. S.) 1188, and we have already seen that it has no application where the cause of the accident is explained.

It is true that greater care, so far as the plaintiff was concerned, was due from Riggsby than from Franklin, and this might in certain circumstances warrant the assumption that Riggsby and not Franklin was liable for the damage inflicted. Here the plaintiff stated, *dum fervet opus*, that Riggsby was not to blame. It is true that she explained this statement by saying that she did not know the rules of the road had been changed and that she thought automobiles going east and west had the right of way over those traveling north and south. This had been the rule. It was changed by ordinance set out in the record, which in effect provided that where two automobiles approach, approximately at the same time, the intersection of streets, that car on the right has the right of way, so that the rule affecting plaintiff's case was as she believed it to be when she exonerated Riggsby from blame. Moreover, we are not dealing with the degrees of care imposed by law on these two defendants, but with the necessity of resorting to evidential presumptions when the evidence itself is at hand.

There are two cases decided by this court which, upon casual inspection, would seem to be measurably in point.

*Carleton* v. *Boudar*, 118 Va. 521, 88 S. E. 174, 4 A. L. R. 1480, in that it approved an instruction making the doctrine applicable, would appear to cover this case, but an examination of that record shows that this question was not considered. The error assigned was that the court was not warranted in holding the taxi-cab driver to these strict rules imposed upon com-

mon carriers. Therefore, all that was said in that case must be read in connection with the decision in *Charlottesville* v. *Jones*, 123 Va. 682, 97 S. E. 316, in which it was held that an instruction is only open to those objections urged against it in the assignment of error.

In *Norfolk & W. Ry. Co.* v. *Rhodes*, 109 Va. 176, 63 S. E. 445, Judge Buchanan said:

"That where the injury is caused by the derailing of the train by collision or other accident to the car in which the passenger is riding," the presumption arises.

Here he manifestly had in mind railroad collision on their own tracks. The running of trains is an intricate matter and it is the common experience of man that collisions in their operation arise out of causes peculiarly within the breast of the railroad itself. The passenger is not required to search this out. These defendants were on a public highway and their rights therein were the same.

*Washington-Virginia Railway Company* v. *Bouknight*, 113 Va. 696, 75 S. E. 1032, Ann. Cas. 1913E, 546, involves the same principle. There a car was derailed and a passenger thrown violently forward and injured. On that state of facts our court held that the doctrine applied. The nature of the accident showed on its face that it was due to instrumentalities wholly under the control of the carrier and was one which in the exercise of high care does not ordinarily occur.

[9] It follows that these cases do not control this in judgment and it further follows from what has been said that the doctrine of *res ipsa loquitur* has no application to the particular facts in this action, and that instruction III was, in this respect, erroneous.

[10, 11] Let us now assume that the instant case is a proper one for the application of the doctrine.

Does this instruction embody a correct statement of

the law as to the burden of proof? It tells the jury that "The burden of proof is upon Riggsby to rebut such presumption." The presumption itself as we have seen is evidential and is a substitute for direct testimony. A stream does not rise higher than its source. The presumption can have no greater weight than the testimony for which it is a substitute. It would be manifestly improper to say to the jury, after the plaintiff had introduced a certain amount of evidence, that the burden of proof shifted to the defendant. The doctrine of *res ipsa loquitur* has nothing to do with the burden of proof at all.

In *Scarborough* v. *Urgo*, 191 Cal. 341, 216 Pac. 584, the court said:

"Such a presumption is evidence in the case, but it has no greater or different effect than the testimony of witnesses, and in no degree changes the rule as to the burden of proof, viz: the burden of producing a preponderance of evidence. That burden does not shift from side to side on the trial of a case, but constantly remains with the party having the affirmative to the issue, who, in this case, is the plaintiff. All that is required of the defendant is to produce evidence sufficient to offset the effect of a plaintiff's showing. He is not required to offset it by a preponderance of the evidence.

"The doctrine of *res ipsa loquitur* does not affect the burden of proof, or transform the general issue into an affirmative defense. *     * It shifts the burden of evidence, but not the burden of proof." *Desmarchier* v. *Frost*, 91 Vt. 138, 99 Atl. 782; *Sweeney* v. *Erving*, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905.

This court has had occasion to consider this question frequently. In *Norfolk Southern R. R. Co.* v. *Tomlinson*, *supra*, it was said:

"In many cases, as in this, the maxim, *res ipsa loquitur*, applies. The affair speaks for itself. But whether the evidence relied on by the plaintiff to make out a cause of action is the accident itself, from which arises a presumption of negligence, or is direct evidence of negligence, the burden of proof as to the defendant's negligence remains upon the plaintiff through the trial. 1 Shearman & Redfield on Neg., section 57."

In *Tidewater Stevedore Co.* v. *Lindsay*, 136 Va. 88, 116 S. E. 377, it took occasion to stress the importance of the rule as to the burden of proof. It has also been dealt with fully in *Hines, Director General* v. *Beard*, 130 Va. 286, 107 S. E. 717.

[12] If, by burden of proof, we mean the burden of producing evidence, then that burden passes from party to party frequently during the progress of a trial. But if, by burden of proof, we mean the necessity, which always rests upon a plaintiff to prove his case, then it never shifts. In the instant case, from the nature of the judgment, we think it entirely probable that the jury attached much weight to this instruction and it is easy to see how they may have been misled.

In certain circumstances such an instruction could not mislead and would not be deemed erroneous. It might clearly appear that burden of proof and burden of evidence were synonyms and were used as such, but it does not so appear here of necessity and since the jury may have been misled we are unable to say that they were not.

[13] Complaint is made of instruction IV in that it told the jury that if they found for the plaintiff they should take into consideration the necessary expenses for medicine and medical attention.

There was no evidence on which to base this instruction. This lady was attended by a physician, but the jury is left to guess as to his charges.

We see no error in the instruction VIII granted at the instance of Franklin. There was evidence to support it and this court is not called upon to weigh that evidence.

Instruction A, tendered by Riggsby and refused, contained the propositions embodied in III.

As to that assignment of error, based upon the refusal of the court to set aside the verdict as contrary to the law and evidence, we have already seen that instruction III was erroneous and it follows that this motion should have been sustained.

This action is reversed and remanded for new trial to be had in accordance with the views here expressed.

*Reversed and remanded.*