# Staunton

ETHEL E. STOCKTON v. CITY OF CHARLOTTESVILLE.

September 10, 1941.

Record No. 2365.

Present, Campbell, C. J., and Holt, Gregory, Browning and Spratley, JJ.

The opinion states the case.

*George Gilmer,* for the plaintiff in error.

*Lyttleton Waddell* and *H. W. Walsh,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This is an action instituted by Ethel E. Stockton against the city of Charlottesville, to recover damages for injuries sustained by her when she stepped on the

top of a meter box which was installed and maintained by the city. She alleged that the top or lid, which should have been taut and firmly set in its place, gave way, or tilted, which caused her foot and her leg carrying her weight to go down quickly and suddenly into the meter box, which resulted in the injuries complained of.

At the close of the plaintiff's evidence the city moved that it be stricken because it showed no negligence on its part. The court sustained the motion and excluded the evidence from consideration by the jury. Thereupon, a verdict was returned in favor of the city. The case is before us on a writ of error awarded by this court.

The sole question we have to decide is whether there was sufficient evidence of negligence to have justified the submission of that question to the jury.

The meter box is almost in the middle of a sidewalk which Mrs. Stockton had constructed by the use of boards and filling in with cinders. It is in one of the city's streets.

On December 16, 1939, about eight o'clock in the evening, she walked out of her home to get into her car for the purpose of going to a grocery store to make some purchases. It was then that the accident happened.

The meter box was put into the ground on an incline so that on the lower side it stands about eighteen inches from the ground. On the upper side it is level with the grass. The city was charged with negligence in two particulars.

1. Failure to use reasonable care to keep its streets reasonably safe for pedestrians after dark.

2. Maintaining and probably placing an unsafe water meter box in the street.

The plaintiff's petition epitomizes the evidence of the city's negligence as follows:

"1. City employee, after notice of injury was unable to fit the old top on meter box or either of two others he tried. City failed to explain defect in box. Swing (a

city employee) said it was taken out to prevent another accident.

"2. Lid did not have cleats on the underside to guide it to the grooves and help keep it there, as most lids did.

"3. Antiquated type without brackets on the underside.

"4. Meter box that caused the accident not produced at trial. City Attorney said it was destroyed.

"5. In December dead wire grass under the lid. Fair inference when meter reader took the lid off he put it down on the grass which prevented it from seating. Only City employees supposed to open box.

"6. People daily step on ordinary tops of meter boxes on all the streets of all the cities without injury."

We have stated the rule by which courts in the State are to be governed in determining the effect of striking the evidence of the plaintiff. In *Thornhill* v. *Thornhill,* 172 Va. 553, 557, 2 S. E. (2d) 318, we said:

■ ■ " 'In considering a motion to strike out all the plaintiff's evidence, the evidence is to be considered very much as on a demurrer to the evidence. All inferences which a jury might fairly draw from plaintiff's evidence must be drawn in his favor; and where there are several inferences which may be drawn from the evidence, though they may differ in degree of probability, the court must adopt those most favorable to the party whose evidence it is sought to have struck out, unless they be strained, forced, or contrary to reason. *Dove Co.* v. *New River Coal Co.,* 150 Va. 796, 143 S. E. 317; *Limbaugh* v. *Commonwealth,* 149 Va. 383, 140 S. E. 133; *Goshen Furnace Corp.* v. *Tolley's Adm'r,* 134 Va. 404, 114 S. E. 728,' *Green* v. *Smith,* 153 Va. 675, 679, 151 S. E. 282."

■ Of course, it is the duty of a city to exercise reasonable care to keep its streets in a reasonably safe condition, and whether it has discharged this duty in the particular case is a question for the jury under all the circumstances of that case. *City of Radford* v. *Calhoun,* 165 Va. 24, 30, 181 S. E. 345, 100 A. L. R. 1378.

The evidence showed that upon examination of the meter box on the morning following the accident there was "dead wire-grass sticking out around the box." It was said that the effect of that would cause the top to fit improperly. It was also in evidence that the box was very old; that after the accident, upon notice to the city of the injury, it sent one of its street employees to the place of the accident for the purpose of doing what was necessary to remedy the situation; that he tried in vain to make the old top fit the box and then he undertook to fit two tops or lids which he carried with him, but could not do so; that once every month the city sent an employee to read the meters for the purpose of sending out water bills to the consumers; that the time of the accident was just a few days before the meter was to be read for the current month; that at the time the city attempted to repair the box and failed it put in a new one; that the old box was not seen afterward; that there was much uncertainty as to what became of it, one of the city's employees said that he thought that it was put at some other place and still in use. The plaintiff charged that the meter box had been destroyed and this colloquy ensued:

By the Court: "How was it destroyed?"

By Mr. Waddell: "In the usual course. It was an old type." Mr. Waddell is the city's attorney.

The precise box was never before the jury. It was not produced at the trial. The jury was allowed to see and inspect a box near the courthouse square which was similar, in original make and construction, to the one in question.

One of the city's employees who testified that he thought the box was in use at some other place was asked if it was in good condition, why it was that they had taken it away and placed it somewhere else. He replied that he supposed that it was to prevent an accident again.

There was also evidence tending to show that some

of the requisites of a properly constructed meter box, such as cleats, were not used or present in this case.

■ We think, from this statement of the facts, reasonable men might differ as to whether there could be fairly drawn an inference of negligence, and whether the inference would be strong enough to produce conviction, that is, the weight of the evidence, would be a question for the jury.

There is no doubt but that the plaintiff suffered painful injuries. For a month she was partially incapacitated and six months after the accident she still suffered.

■ There was evidence tending to show that whatever happened to the box happened after the city had notice of the injury. This is important because of the presumption that where one party to a legal controversy has within his control evidence of matter in issue and does not produce it, its effect, if produced, would be against him who withholds it.

In the case of *Riggsby* v. *Tritton*, 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280, this court said:

"Wigmore on Evidence, section 2509, concludes his discussion of this subject with these observations: 'What the final accepted shape of the rule will be can hardly be predicted. But the following considerations ought to limit it: (1) The apparatus must be such that in the ordinary instance no injurious operation is to be expected unless from a careless construction, inspection, or user; (2) both inspection and user must have been at the time of the injury in the control of the party charged; (3) the injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the presumption, regarded as a rule throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him, but inaccessible to the injured person.''

*Gasque* v. *City of Asheville,* 207 N. C. 821, 178 S. E. 848, 854, is an interesting case, involving facts very similar to that in judgment.

■ ''The governing authorities of a city are charged with the duty of keeping the streets and sidewalks and water meter boxes in a safe condition; and their duty does not end with putting them in a safe and sound condition originally, but they are required to keep them so to the extent that this can be accomplished by proper and reasonable care and continuing supervision.

''It is the duty of the City of Asheville to keep the streets, including the sidewalks and meter boxes thereon in proper repair; that is, in such condition as that the people passing and repassing over them might at all times do so with reasonable ease, speed and safety. * * *

''It is the duty of a city to exercise due care to keep its streets and sidewalks and meter boxes in good condition and repair so that they will be safe for the use of its inhabitants, or those entitled and having occasion to use them. If they become unfit for use by reason of defects which could not be anticipated, and consequently guarded against, the municipality must have some notice of the defect before it can be held liable for injury proximately caused thereby. Sometimes notice of such defects is actual or express, and, again, sometimes such notice is constructive or implied. It is the duty of a city to exercise a reasonable and continuing supervision over its streets and sidewalks in order that it may know they are in safe condition.

''The evidence was to the effect that the water meter was located so that dirt washed down and caked around the inner rim which prevented it from fitting and it would tilt up. There was evidence that those who read the meters each month saw, or in the exercise of due care could have seen, this situation. The water meter was an old kind and had been in many years. Israel testified, unobjected to: 'the one with the ring is safe. The one without the ring is absolutely unsafe.' ''

It follows that we think there was sufficient evidence to take the case to the jury, that the action of the court in striking the plaintiff's evidence was error. We, therefore, reverse its judgment and remand the case for a new trial.

*Reversed and remanded.*