# CAROL SIBERT BREGEL

## V.

# BUSCH ENTERTAINMENT CORPORATION

Record No. 931100

June 10, 1994

Present: All the Justices

*Robert L. Mills (Rutter & Montagna*, on briefs), for appellant.
*Michael L. Heikes (Henry H. McVey, III; Lisa A. Bertini; Mc-Guire, Woods, Battle & Boothe*, on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider the standard of care that an amusement park operator owes to a patron injured while riding as a passenger on an amusement park ride.

Carol Sibert Bregel filed this action against Busch Entertainment Corporation, doing business as Busch Gardens. Busch Entertainment owns and operates Busch Gardens, an amusement park, located in Williamsburg. Bregel alleged that she was injured as a result of Busch Entertainment's employees' negligence. Busch Entertainment filed responsive pleadings, denying negligence and asserting that Bregel was guilty of contributory negligence. The action was tried before a jury that returned a verdict in favor of Busch Entertainment. We awarded Bregel an appeal.

In accordance with well-settled principles, we will review the evidence and all inferences reasonably deducible therefrom in favor of Busch Entertainment, the recipient of a favorable jury verdict. Bregel and a friend visited Busch Gardens in July 1988. Once inside the park, they boarded a ride referred to as the Skyride.

The Skyride is a monocable system that transports Busch Entertainment's patrons to various locations within the park. Gondolas, which are described as cabins, are attached to cables and transport riders through the air to and from three locations.

Bregel entered a cabin, sat down, and rested her arm on the back of the seat. An attendant tilted the cabin backward, and Bregel grabbed the seat, extending her elbow outside of the cabin. Another cabin made contact with her cabin, thereby pinning her elbow between the two cabins.

Bregel was unable to alight from the cabin, so she rode the Skyride to the next stop. Then, she went to the park's first aid station.

She was subsequently taken to a hospital where she was treated and released.

■ During the trial, Bregel offered an instruction that would have informed the jury that Busch Entertainment is a common carrier, and it owed to her a high duty of care when she was a passenger on the Skyride. The trial court refused to give the instruction and instructed the jury that Busch Entertainment was required to exercise reasonable care for Bregel's safety and protection. On appeal, Bregel argues that Busch Entertainment is a common carrier because the Skyride transports patrons from one location of the park to another and, therefore, the proposed instruction should have been granted. We disagree.

We have said that "[a] common carrier [is] defined as one who, by virtue of his calling and as a regular business, undertakes for hire to transport persons or commodities from place to place, offering his services to all such as may choose to employ him and pay his charges." *Carlton* v. *Boudar*, 118 Va. 521, 527, 88 S.E. 174, 176 (1916) (quoting *Black's Law Dictionary*); *Riggsby* v. *Tritton*, 143 Va. 903, 906, 129 S.E. 493, 494 (1925). Busch Entertainment is not a common carrier because it does not, as a regular business, undertake for hire to transport persons from place to place. Rather, Busch Entertainment operates an amusement park that has numerous amusement rides, including the Skyride. This amusement ride, which offers patrons an aerial view of the amusement park, is for entertainment purposes, and the transportation function is incidental to the entertainment function. Busch Entertainment's patrons do not pay admission to the park to obtain transportation services; rather, they pay to be entertained by amusement rides, shows, and other attractions.

Bregel argues that *Murphy's Hotel, Inc.* v. *Cuddy's Adm'r*, 124 Va. 207, 97 S.E. 794 (1919), supports her argument that Busch Entertainment should be deemed a common carrier. We disagree. In *Murphy's Hotel*, we held that the operator of a passenger elevator in a hotel was a common carrier and, therefore, owed the highest degree of care to its passengers. We stated:

The prevailing doctrine with respect to the duty of one maintaining a passenger elevator in a hotel or other public building is, that he is a common carrier and governed by the same rules applicable to other common carriers. That is to say, (although not an insurer of the safety of his passengers)

"he is required to exercise the highest degree of care and diligence in the maintenance and operation of the elevator to prevent injury to passengers." This principle is maintained by the great weight of authority, including the courts of last resort of all the States of the Union (except perhaps three) and of the Supreme Court of the United States.

*Id.* at 216, 97 S.E. at 797. In *Murphy's Hotel*, the elevator was used solely to transport persons from one floor of the hotel to another. Unlike the elevator in *Murphy's Hotel*, Busch Entertainment's Skyride is used to entertain patrons of the amusement park, and any transportation function is purely incidental to the amusement function. Accordingly, we hold that the trial court did not err in refusing Bregel's proposed instruction.

█ At trial, over Bregel's objection, the trial court granted an instruction that permitted the jury to consider whether she was guilty of contributory negligence. Bregel argues that the trial court erred because, she says, there is no evidence of record to support this instruction. We disagree.

The cabin in which Bregel was riding contained a warning sign that stated, "Busch Gardens Skyride, remain seated, keep hands and arms inside cabin, no smoking. Swaying or rocking cabin is cause for dismissal from park without refund." After the accident, Bregel gave the following statement that was recorded in an accident report, which was admitted in evidence without objection:

Guest stated that as she was sitting in a SkyRide car, her [right] arm was resting on a rail . . . when another SkyRide banged up against her catching her [right] arm between the two SkyRide cars.

The jury reasonably could have found that Bregel was guilty of contributory negligence because she rested her arm on a rail outside the cabin and that such negligence was a proximate cause of her injury.

Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*