# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Monica K. Hayes

v.

Lami Jeffrey-Coker et al.

April 30, 1999

Case No. CL980420

BY JUDGE JOHN E. KLOCH

This matter came before the Court on Defendants' Motion for Summary Judgment. The pleaded and uncontested facts as presented are that Plaintiff entered Defendant Hospital to undergo laparoscopic surgery in her abdominal region. When she woke in the recovery room, she had a facial burn that she did not have prior to the surgery.

Also, Plaintiff has nonsuited her case as to John Doe I and Dr. John Ball, the anesthesiologist and assistant. At the hearing, Plaintiff's counsel proffered that he nonsuited as to those Defendants because he believed Dr. Ball's deposition statement that Plaintiff did not have the burn when Dr. Ball left the operating room. This information was offered by way of explanation and is, of course, subject to proof at trial.

Defendants' grounds include: (1) Plaintiff admits no knowledge of the mechanism of injury and has not identified any expert to present a theory; (2) Plaintiff was not in the exclusive control of each of the Defendants, and permitting the case to proceed under the *res ipsa loquitur* doctrine effectively shifts the burden to the Defendants. All agree that the doctrine's elements include:

the means or instrumentality which caused an injury is in the exclusive possession and control of the person charged with the

negligence, and such person has or should have had exclusive knowledge of the way the instrumentality was used, and the injury would not ordinarily occur if those who have the management and control had used proper control.

*Easterling v. Walton*, 208 Va. 214, 216-17 (1967) (cites omitted).

The fact that Plaintiff cannot name with specificity the mechanism of her injury is not a fatal flaw — such is the very ground on which the *res ipsa* doctrine is founded. The California case of *Ybarra v. Spangard*, 154 P.2d 687 (Cal. 1945), which involved an injury to a healthy and uninvolved part of an unconscious surgical patient, was quoted with approval, in part, in *Danville Comm. Hosp. v. Thompson*, 186 Va. 746 (1947). The defendant in *Ybarra* likewise complained that the plaintiff had not specified the instrumentality or mechanism of injury, but the court in that case held: "It should be enough that the plaintiff can show an injury resulting from an external force applied while he lay unconscious in the hospital; this is as clear a case of identification of the instrumentality as the plaintiff may ever be able to make." *Ybarra*, 154 P.2d at 691. In fact, *Riggsby v. Tritton*, 143 Va. 903, 911 (1925), relied upon by Defendants, acknowledges that the exact cause may be unknown. In the current case, the Defendants are the only persons who could know what happened to the unconscious Plaintiff and who had control of whatever instrumentality caused her injury. Plaintiff's failure to identify certain classes of experts is also not fatal.

Defendants argue that Plaintiff cannot meet her burden on any of the doctrine's elements because she has only listed two plastic surgeons as damages experts. However, although experts are required in almost all medical malpractice cases, none is needed when the type of negligence lies within the jury's common knowledge and experience. *Dickerson v. Fatehi*, 253 Va. 324, 327 (1997). *See also, Easterling*, 208 Va. at 218-19 (surgeon left a foreign body, absorbent pad, in the patient after surgery, the alleged negligence was prime for the doctrine, required no expert testimony, and virtually constituted negligence *per se*.) The current case involves no erudite medical testimony regarding avascular necrosis or bundle branch blocks, but rather a burn to the face — an uninvolved area.

Each Defendant objects that Plaintiff cannot prove that she was in the exclusive possession of any of them. Although "[t]he accident in itself raises no presumption, [i]t has always been necessary that we look to the nature and quality of the accident." *Riggsby*, 143 Va. at 909-10. The matter before the Court involves an injury to an unconscious surgical patient. Although the Virginia Supreme Court declined to adopt *Ybarra*'s burden of initial

explanation of which of the several Defendants caused the injury, it did adopt the policy: "Plaintiff was rendered unconscious for the purpose of undergoing surgical treatment by the Defendants; it is manifestly unreasonable for them to insist that he identify any one of them as the person who did the alleged negligent act." *Danville Comm. Hosp. v. Thompson*, 186 Va. at 761. *See also, Riggsby*, 143 Va. at 914 (if the cause of the accident is peculiarly within the knowledge of the Defendants, "[p]roof of the happening of the accident (such as a derailment) established a prima facie case which calls for rebuttal and explanation on the part of the defendant"). The court in *Ybarra* refused to accept Defendants' contention that the *res ipsa* doctrine cannot apply "where there are several defendants, and there is a division of responsibility in the use of an instrumentality causing the injury, and the injury might have resulted from the separate act of either one of two or more persons." *Ybarra*, 154 P.2d at 688-89.

The exclusive possession involved in this case is different from those instances where Plaintiffs have attempted to use the doctrine in products liability cases. *See Logan v. Montgomery Ward*, 216 Va. 425, 428-29 (1975) (suit against supplier of gas stove that exploded could not rely on the *res ipsa* doctrine because the suit ignored the potential negligence of the installer, purchaser, or some unknown party).

In the current case, Plaintiff's nonsuit as to Dr. Ball and John Doe I has narrowed the possible possessions. We are left with the current Defendants' possession and control of the Plaintiff in the operating or recovery rooms. The fact that Defendant Jeffrey-Coker was not present in the recovery room does not prevent the doctrine from applying — at one point during the requisite time period, he had possession and control of Plaintiff and any instrumentality that might have caused the burn. The time frame will presumably be narrowed as much as possible at trial.

The Court therefore rules that the Motion for Summary Judgment is denied.