## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

VIRGINIA RAILWAY AND POWER CO. V. WALTER C. HILL.

January 11, 1917.

Absent, Prentis, J.*

1. STREET RAILWAYS—*Collision.*—An action was brought by plain- ○
tiff to recover for injuries sustained in a collision at a crossing
between a street car and a taxicab in which he was riding.
Under an ordinance the automobile had the right of way at
the point where the accident occurred. There was a conflict
in ·the testimony as to the rate of speed at which the street
car and the automobile were respectively running. The trial
court instructed the jury that even though they believed from
the evidence that the driver of the automobile was guilty of
negligence, yet if they further believed from the evidence that
before the accident occurred, the motorman ran his car into the
automobile as the result on his part of some act of negligence
charged in the declaration, and that this was the proximate and
immediate cause of the accident, then the defendant was alone
responsible for the accident.

*Held:* That the evidence was such as to render proper a submis-
sion by the trial court to the jury of these three leading ques-
tions of fact: (1) Were both defendants guilty of negligence
which concurred as proximate causes of the accident? or (2)
Was the defendant railway company guilty of negligence which
was the sole proximate cause? or (3) Was the taxi company
guilty of negligence which was the sole proximate cause? And
that the first and third of these questions were sufficiently pre-
sented in other instructions given by the court, and that the
second was properly presented in the instruction quoted above.

2. INSTRUCTIONS—*Unnecessary Words.*—The words in the above in-
struction "before the accident occurred," were unnecessary,
but there was nothing in them which could have deceived the
jury as to what the trial court meant, and therefore they did
not render the instruction erroneous.

3. INSTRUCTIONS.—The trial court was asked to instruct the jury
that they were not required to believe incredible testimony.
As this instruction asserted a self-evident proposition, the re-
fusal to give it was no error. Juries do not need, or at least
must be presumed not to need, as a matter of instruction and

---

*Submitted before Judge Prentis took his seat.

information, to have the court tell them that they are not to believe the impossible.

4. STREET RAILWAYS—*Instructions.*—The trial court refused to give on behalf of the street railway company an instruction which in substance told the jury that the taxicab company owed the plaintiff, as a passenger, the highest degree of care, and that the railway company owed him only the duty of exercising ordinary care. This was held no error. So long as the degree of care owing by the railway company to the plaintiff was properly defined, that company had no legal right to complain merely because the instructions did not define the degree of care owing by its codefendant. Other instructions properly fixed the burden of proof and defined the degre of care so far as the railway company was concerned, and this was the sole test of its liability, regardless of how much care the taxi company owed the plaintiff, or how little care it exercised for him.

5. INSTRUCTIONS—*Tort-Feasors.*—If one joint tort-feasor should obtain an erroneous instruction which improperly fixes the liability on another, the latter has the right to except; but not when the instruction simply tends to benefit the former without unduly incupating the latter.

6. INSTRUCTIONS—*Refusal Where Covered by Others.*—It is not error to refuse instructions prolix in their statements and less helpful to the jury than one given by the court, and in so far as they were proper, covered by other instructions given in the case.

7. STREET RAILWAYS—*Collision—Instructions.*—Under a city ordinance a taxicab had the right of way at a crossing over a street car. The trial court instructed the jury that they must give a reasonable application to said ordinance, and that the street cars were not required to stop for vehicles having the right of way, unless in the exercise of ordinary care and prudence a prudent motorman would deem it necessary to stop his car under all the circumstances at the time.

*Held:* A correct interpretation of the ordinance.

8. PERSONAL INJURIES—*Measure of Damages.*—In an action for personal injuries, the jury were instructed that they might consider "any loss of time heretofore sustained by the plaintiff from his work as a result of his injuries." There was evidence that plaintiff was in the hospital for three weeks, and thereafter for six weeks he was only able to spend a part of each day at his place of business. It did not appear that the business in which he was engaged was either profitable or unprofitable, or that it was affected by his absence. The instruction was held not prejudicial error warranting a reversal where the other elements of damage were all properly set out.

9. DAMAGES—*Instructions.*—When an erroneous charge upon the measure of damages has been given to the jury, even though the error goes only to one element of damage, the courts will not undertake to say how far the error has affected the total result. But this general rule will not be carried so far as to reverse a judgment obtained upon a fair and otherwise regular trial, when the only error therein, tested by every reasonable probability, could not have affected the result in an amount beyond that which would fall within the influence of the maxim, *"De minimis lex non curat."*

Error to a judgment of the Hustings Court, Part II, of the city of Richmond in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. W. Anderson, A. B. Guigon* and *T. J. Moore,* for the plaintiff in error.

*Nelson & Nelson* and *Gunn & Mathews,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This action was instituted by Walter C. Hill against the Virginia Railway and Power Company and the Virginia Taxi Service Company, to recover damages for a personal injury sustained by him in a collision between a street car and an automobile. The street car was owned and operated by the railway company, and the automobile by the Taxi Service Company. The plaintiff was a passenger in the latter vehicle.

The jury found for the taxi company, but against the railway company; and, to a judgment for the plaintiff on that finding, the railway company brings this writ of error.

The accident occurred in Richmond on February 16, 1914,

about midnight. The plaintiff had been drinking, and his son, E. Raymond Hill, was taking him home from a downtown restaurant in an automobile which he had ordered for that purpose from the taxi company, a corporation engaged in carrying passengers for hire. This automobile was going west on Grace street on the way to the plaintiff's home, with him and his son as passengers, when, at the intersection of Grace and Laurel streets, it was struck by the street car, which was going north on Laurel street, crossing Grace at right angles. The automobile was wrecked and both passengers were injured. The chauffeur seems to have escaped unhurt. The other facts, in so far as they may be essential to this discussion, will appear in connection with the several assignments of error.

The first of these assignments challenges the correctness of the following instruction, given at the instance of the defendant taxi company.

"The court instructs the jury that, even though you may believe from the evidence the driver of the automobile was guilty of negligence, yet if you further believe from the evidence that before the accident occurred the motorman in charge of the street car of the Virginia Railway and Power Company ran his car into the automobile as the result on his part of some act of negligence charged in the declaration, and that this was the proximate and immediate cause of the accident, then the Virginia Railway and Power Company is alone responsible for the accident, even though you may believe from the evidence that the accident could not have occurred but for the remote neglect of the driver of the automobile."

It is conceded that this instruction, in the main and in the abstract, correctly states the established doctrine as to remote and proximate cause; but the claim is made, first, that the instruction was without evidence to support it, and, second, that the words "before the accident occurred" rendered it misleading and confusing to the jury. We will consider these two objections in the order named.

Under the terms of the traffic ordinance, hereinafter quoted in full, the automobile had the right of way at the point where the accident occurred. The motorman, as he traveled north on Laurel street, and reached a point 85 feet from the exact spot where the collision took place, could, if he looked, see down Grace street in an easterly direction 52 feet; at 65 feet from that spot he could see down Grace 120 feet; and at 51 feet from that spot he could see all the way down Grace to the end of the block. He could stop his car, when running as he claimed to be at that time, in a distance of about 40 feet. There was a conflict in the testimony as to the rate of speed at which he and the chauffeur, respectively, were running, and as to the distance within which he did in fact stop his car. As to the weight of the testimony, we can have nothing to say. It is difficult to understand how the accident could have occurred at that point at all, except by a concurrence of negligence on the part of the motorman and the chauffeur; but, without going further into the details of the evidence, we deem it sufficient to say that a careful consideration of it all satisfies us that it was such as to render proper a submission by the trial court to the jury of these three leading questions of fact: (1) Were both defendants guilty of negligence which concurred as proximate causes of the accident? or (2) Was the defendant railway company guilty of negligence which was the sole proximate cause? or (3) Was the taxi company guilty of negligence which was the sole proximate cause?

The first of these questions was sufficiently presented in an instruction for the plaintiff to which no objection is here made.

The second question was properly presented in the instruction quoted above; and the third was submitted in the following instruction given at the railway company's request:

"The court instructs the jury that even though they may believe from the evidence that the motorman of the street car was guilty of negligence, yet if they further believe from the evidence that the chauffeur in charge of the automobile of the Virginia Taxi Service Co., Inc., negligently ran his automobile so as to render the accident unavoidable and that this was the proximate and immediate cause of the accident, then the Virginia Taxi Service Co., Inc., is alone responsible for the accident, even though the jury may believe from the evidence the accident could not have occurred but for the remote negligence of the motorman of the street car."

The court having fairly submitted these three main questions of fact to the jury by instructions which, when read together, could not have tended to unduly emphasize the liability of the railway company, the objection to the instruction under consideration, based upon a lack of evidence to support it, must be overruled.

Nor do we think the instruction was subject to any valid objection because of the words, "before the accident occurred," which appear therein. We are unable to see how any confusion or misunderstanding could have been produced in the minds of the jury by these words. That they were unnecessary, and that the instruction would have been in better form without them, may be conceded; but there is nothing in them as they stand which could have deceived the jury as to what the trial court meant, and there is nothing in the evidence to which they might reasonably have been applied with any misleading effect.

The second assignment of error calls in question the action of the court in refusing to give, at the instance of the railway company, the following instruction:

"The court instructs the jury that they are not required to believe incredible testimony, and if they believe from the evidence that the street car was going northwardly along Laurel street where it could have been seen by the chauffeur

had he looked, as it was his duty to do, then the jury are not bound to accept the testimony of the chauffeur that he did look, but did not see the car."

This instruction asserts a self-evident proposition, and involves no possible principle of evidence which any competent juryman would not be presumed to understand. Juries do not need, or at least, must be presumed not to need, as a matter of instruction and information, to have the court tell them that they are not to believe the impossible. Sometimes their verdicts indicate that they have done so, and are set aside accordingly as being without evidence to sustain them. But there is no duty on the court to presume that a jury will believe what manifestly cannot be true, and to warn them against such belief. There may be cases in which it would not be error to give an instruction similar to the one here in question, but there can hardly be a case in which it would be error to refuse such an instruction, unless it would also be error to refuse to set aside an adverse verdict in the case for want of evidence. (See *Southern Ry. Co.* v. *Mason*, 119 Va. 89 S. E. 225.) In this case we think the instruction was properly refused. It ignores certain facts and circumstances in the evidence tending to corroborate the testimony of the chauffeur and to show that the statement assailed in the instruction may have been true.

It is urged, as a third ground for the reversal of the judgment, that the trial court erred in refusing to give, on behalf of the railway company, two instructions which in substance told the jury that the taxi company owed the plaintiff, as a passenger, the highest degree of care, and that the railway company owed him only the duty of exercising ordinary care. Some of the counts in the declaration charge the defendants with concurring negligence, and allege their respective duties to the plaintiff substantially as set out in the two instructions in question.

We are unable to endorse the contention made on behalf of the railway company to the effect that these instructions state "a propostion of law vitally important to the plaintiff in error, namely, the relative degrees of care required of each defendant." So long as the degree of care owing by the railway company to the plaintiff was properly defined, that company had no legal right to complain merely because the instructions did not define the degree of care owing by its co-defendant. Other instructions properly fixed the burden of proof and defined the degree of care so far as the railway company was concerned, and this was the sole test of its liability, regardless of how much care the taxi company owed the plaintiff, or how little care it exercised for him. As to the railway company's liability, the case is not in the least different from what it would have been if the relationship of carrier and passenger had not existed between the chauffeur and the plaintiff. As Judge Keith said in *Carlton* v. *Boudar,* 118 Va. 521, 529, 88 S. E. 174, 177, referring to an injury resulting from a collision between an automobile owned by a private individual and one owned by a carrier, the plaintiff being a passenger in the latter, "the fact that two defendants are joined upon whom the law imposes different degrees of duty to the person injured, is not material, and if each of the defendants have been guilty of negligence, it matters not that one may have been more negligent than the other." If the *plaintiff* had asked for an instruction defining the taxi company's duty and it had been refused, he would have had the right to except; but not so with the co-defendant railway company, the rule being, as held in *Walton, Witten & Graham* v. *Miller,* 109 Va. 210, 220, 63 S. E. 458, 152 Am. St. Rep. 908, that all persons whose negligence contributed proximately to a tort are jointly and severally liable with no right of contribution among them or remedy over by one against the other, and that consequently the party injured may bring his action in the out set against either or all, or, having begun it

against all, may thereafter abandon it as to some while pursuing it as to others.

This court is entirely in accord with the contention of counsel for the railway company that in cases of this character, if one joint tort-feasor should obtain an erroneous instruction which improperly fixes the liability on another, the latter has the right to except. Any other rule would be indefensible. But we have no such case here. The alleged error complained of in this assignment simply tended to benefit the taxi company, not to unduly inculpate the railway company.

The fourth assignment of error complains of the action of the court in refusing four instructions requested by the railway company and giving in lieu thereof the following:

"The jury are instructed in determining the question of negligence they may consider the fact that the ordinances of the city of Richmond, Virginia, provide that all vehicles and street cars going in an easterly or westerly direction shall have the right of way over all vehicles or street cars going in a northerly or southerly direction. But the court further tells the jury that they must give a reasonable application to said ordinance, and that street cars going north and south on Laurel street are not required to stop and wait for vehicles going east and west on Grace street, unless in the exercise of ordinary care and prudence a prudent motorman would deem the stopping of his car necessary under all the circumstances at the time of the approach to Grace street."

This instruction, and the four in place of which it was given, all had their origin in the fact that one count in the declaration charged the railway company with a violation of section 21 of the traffic ordinance of the city of Richmond, which is as follows:

"Vehicles and street cars going in an easterly or westerly direction shall have the right of way over all vehicles or street cars going in a northerly or southerly direction."

The instruction appears to us to be a clear and practical interpretation of the ordinance and one which sufficiently covered the requirements of the case. The four instructions refused, taken altogether, were prolix in their statements, and would have been less helpful to the jury than the one given by the court, and, in so far as they were proper, they were either covered by it or by other instructions given in the case.

Finally, it is contended that there was error in that portion of the instruction on the measure of damages which told the jury that they might consider "any loss of time heretofore sustained by the plaintiff from his work as a result of his injuries."

The argument in support of this assignment is based upon the want of evidence to show any actual pecuniary loss to his business resulting from his loss of time. The evidence shows that the plaintiff was in the hospital for three weeks, and that thereafter for six weeks he was only able to spend a part of each day at his place of business. It does not affirmatively appear that the business in which he was engaged was either profitable or unprofitable, or that it was affected by his absence; but we cannot feel that, under the circumstances here, there was any such prejudicial error in the instructions as would warrant a reversal of the judgment. The other elements of damage, to-wit, physical and mental suffering and shock, their effect upon the condition of his health, and whether permanent or temporary, and the expenses incurred by reason of his injuries for medical treatment, were all properly set out in the instruction, and the evidence as to these other elements of damage is such as to leave little room to doubt that they overshadowed in the minds of the jury the mere loss of a few weeks' time which the plaintiff had "theretofore sustained." His injuries were of a dangerous, grievous and permanent nature, and counsel for the railway company concede that the evidence in this respect would have supported even a much

larger verdict. If there was liability on the defendant, the verdict for $5,000 was in all probability very little if at all affected by any consideration of three weeks' total loss and six additional weeks' partial loss of time from a business the character and extent of which was not shown to them in the evidence. We fully appreciate and recognize the general rule that when an erroneous charge upon the measure of damages has been given to the jury, even though the error goes only to one element of damage, the courts will not undertake to say how far the error has affected the total result. But we are unwilling to carry the application of this general rule far enough to reverse a judgment obtained upon a fair and otherwise regular trial, when the only error therein, tested by every reasonable probability, could not have affected the result in an amount beyond that which would fall within the influence of the maxim, *de minimis non curat lex.*

A large number of instructions appear to have been requested. The court gave three as offered for the plaintiff, two for the taxi company, four for the railway company, one on its own motion, and refused the others. The instructions given fully and fairly cover every phase of the case so far as the railway company's liability is concerned, and we are of opinion that the verdict was supported by sufficient evidence, and that the judgment must be affirmed.

*Affirmed.*