Syllabus.

Wytheville.

## TRAUERMAN V. OLIVER'S ADMINISTRATOR.

June 12, 1919.

1. AUTOMOBILES—*Injury to Pedestrian on Sidewalk — Burden of Proof—Instructions—Case at Bar.*—Defendant was driving an automobile propelled by electricity and controlled by a steering lever and foot brakes. Decedent was standing on the sidewalk, with his back toward the street. The automobile, for some reason, ran wild, mounted the sidewalk, struck decedent and inflicted the injuries from which he died. Defendant requested and obtained an instruction that the burden was upon the plaintiff to prove the allegations of his declaration by a preponderance of the evidence. This was a proper instruction, but the evidence was such as to entitle the plaintiff to have the jury instructed that, if decedent was struck by the car while he was standing on the sidewalk, that fact would cast upon the defendant the burden of showing that the accident did not result from negligence on her part, and the refusal of the court to give an instruction to that effect warranted the trial court in setting aside a verdict for the defendant for misdirection to the jury upon the law of the case.

2. AUTOMOBILES—*Injury to Pedestrian on Sidewalk—Burden of Proof—Instructions—Case at Bar.*—The requested instruction referred to in the preceding syllabus, which the court refused, was to the effect that if the jury believed that decedent "was killed by defendant's automobile while he was standing on the sidewalk on Broad street, the burden of proof is upon the defendant to show by a preponderance of evidence that said killing was unavoidable, and that she did everything that a reasonably prudent person would do, under all the facts and circumstances of the case, to prevent killing him, and unless she did this she is guilty of negligence."

*Held:* That while the word "unavoidable" in the instruction, without the aid of the context, might have placed too much of a burden upon the defendant, yet the instruction read as a whole was not subject to this objection, and the inaccuracy of the phraseology would not have constituted error if the instruction as asked had been given.

3. AUTOMOBILES—*Injury to Pedestrian on Sidewalk — Burden of Proof—Instructions—Case at Bar.*—The instruction quoted in the preceding syllabus, when read as a whole, can hardly fail to convey the idea that the burden which was shifted to the defendant by the plaintiff's proof of the facts therein recited required no more than proof on her part that she did "everything that a reasonably prudent person would do, under all the facts and circumstances of the case," to prevent the injury. Thus interpreted there can be no doubt of the correctness of the instruction as a legal proposition applicable to the instant case.

4. INSTRUCTIONS—*Ignoring Theory of One Party—Automobile Accidents—Intervening Cause.*—Instructions given for one party to a controversy which ignore the theory of the other party thereto are erroneous. But an instruction which expressly told the jury that the plaintiff could not recover unless the defendant's negligence was the proximate cause of the accident, where there were other instructions explaining proximate and intervening causes in such way as the jury could not have been misled by the instruction in question into supposing they could find for the plaintiff if the injury complained of resulted from such an intervening cause as would have constituted a valid defense, is not amenable to the objection that it ignored the theory of defendant that the death of decedent was due to some intervening cause over which defendant had no control.

5. INSTRUCTIONS—*Ignoring Theory of One Party—automobile Accidents—Intervening Cause.*—In an action by an administrator against the driver of an automobile for the death of his intestate, who was standing on the sidewalk when struck by the automobile, defendant's theory was that the accident was due to the fact that another automobile struck her car causing her to lose control. An instruction which expressly assumed that defendant's car was struck by the other automobile, and then proceeded to explain how, under one view of the evidence, this fact would not constitute such an intervening cause as to exempt the defendant from liability, was not open to an objection that it failed to take into consideration the defense of an intervening cause.

6. AUTOMOBILES—*Injury to Pedestrian on Sidewalk — Intervening Cause.*—In an action by an administrator against the driver of an automobile for the death of his intestate, who was standing on the sidewalk when struck by the automobile, defendant's theory was that the accident was due to the fact that another automobile struck her car causing her to lose control. Plaintiff's theory was that defendant was running her car in excess of the speed allowed by a city ordinance and that while doing so she violated another ordinance by attempting to pass to the right of a vehicle moving in the same direction as her car. The trial court instructed the jury that notwithstand-

ing defendant's machine was struck by the other automobile, yet if defendant's failure to keep her machine under control, or the speed at which she was going efficiently contributed to the accident, she was guilty of negligence.

*Held:* No error. If the jury believed that the defendant's car was in fact struck by another car, then the question for their determination under this instruction was whether the injury complained of was attributable to a concurrence of the defendant's negligence with the impact from the other car or to the latter alone as the sole proximate cause. This was the really vital and decisive question in the case, and, in the state of the evidence, as disclosed by the record, it belonged exclusively to the province of the jury.

7. AUTOMOBILES—*Instructions—Evidence to Support.*—Where there was evidence tending to show that if defendant's car was in fact struck by a passing automobile, it thereafter ran far enough to have been stopped by an ordinarily prudent driver before the injury complained of was inflicted, an instruction which told the jury that even if defendant's steering lever was knocked out of her hands by reason of a passing automobile striking her car, yet if a sufficient interval thereafter elapsed to enable her in the exercise of ordinary care to stop her car, and if her failure to do so was the proximate cause of the injury, they must find for the plaintiff, is not subject to the objection that there was no evidence to support it.

Error to a judgment of the Hustings Court, Part II, of city of Richmond in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Williams & Mullen* and *Smith & Gordon,* for the plaintiff in error.

*Hunsdon Cary,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

James Oliver was struck and killed by an automobile operated by Miss Trauerman, and this is an action against her by Oliver's administrator, alleging that the accident was due to her negligence.

There were two trials in the court below. Upon the first, the jury rendered a verdict for the defendant, which was set aside. Upon the second, there was a verdict for the plaintiff, pursuant to which the court rendered the judgment under review.

The accident occurred on the north side of Broad street, in the city of Richmond. Miss Trauerman was driving an automobile propelled by electricity and controlled by a steering lever and foot brakes. Oliver was standing on the sidewalk, with his back toward the street. The automobile, for some reason, ran wild, mounted the sidewalk, struck Oliver, and inflicted the injuries from which he died.

The negligence chiefly relied upon is that the defendant violated the ordinances of the city of Richmond: (1) in exceeding the speed limit, and (2) in attempting to pass to the right instead of the left of another vehicle just in front of her.

On behalf of the plaintiff, there was evidence tending materially to show that the defendant was running her car very much in excess of the speed allowed by the city ordinance, and that while doing so she attempted, in violation of another ordinance, to pass to the right of a beer wagon which was moving in the same direction as her car; that either because the space between this wagon and the curb was too narrow, or because she failed to accurately steer the car, she "side-swiped" the wagon, and, swerving to the right, ran up on the sidewalk where she struck the plaintiff's decedent, and then ran thirty feet beyond where he was standing, crashing into an electric light pole on the sidewalk, which brought the car to a stop.

The defendant's theory, supported by material evidence in conflict with that offered by the plaintiff, was that she neither exceeded the speed limit nor attempted to pass to the right of the beer wagon, and that the accident was due to the fact that another automobile, coming up from the

rear and attempting to pass to her left, struck the hub of the left front wheel of her car so violently as to knock or jerk the steering lever out of her hand, throw her feet from the brakes, and cause her to completely lose control of the machine.

The evidence on both trials would have supported a verdict upon either of these two conflicting theories. The first verdict, which was for the defendant, was set aside on the ground of misdirection to the jury upon the law of the case; and the first assignment of error challenges the correctness of that ruling.

[1] The defendant, on the first trial, requested and obtained an instruction as follows: "The court instructs the jury that the burden is upon the plaintiff to prove the allegations of his declaration by a preponderance of the evidence, and that this may be done by direct or circumstantial evidence." This was a proper instruction. But the evidence was such as to entitle the plaintiff to have the jury instructed that if Oliver was struck by the car while he was standing on the sidewalk, that fact would cast upon the defendant the burden of showing that the accident did not result from negligence on her part. To this end, the plaintiff asked for the following instruction: "If the jury believe from the evidence that James Floyd Oliver was killed by defendant's automobile while he was standing on the sidewalk on Broad street, the burden of proof is upon the defendant to show by a preponderance of evidence that said killing was unavoidable, and that she did everything that a reasonably prudent person would do, under all the facts and circumstances of the case, to prevent killing him, and unless she did this she is guilty of negligence, and you must find for the plaintiff."

[2, 3] This instruction was refused, and its refusal appears to have constituted the principal ground upon which the court subsequently set aside the verdict. The defend-

ant insists that the court was right in refusing the instruc-
tion, but we are unable to accede to this view.  It may be,
although that point is not made against the instruction,
that the word "unavoidable," appearing therein, if left with-
out the aid of the context, would place too much of a bur-
den upon the defendant.  But when read as a whole, the
instruction can hardly fail to convey the idea that the bur-
den which was shifted to the defendant by the plaintiff's
proof of the facts therein recited required no more than
proof on her part that she did "everything that a reason-
ably prudent person would do, under all the facts and cir-
cumstances of the case," to prevent the injury.  Thus in-
terpreted, there can be no doubt of the correctness of the
instruction as a legal proposition applicable to this case.  1
Shear. & Red. on Neg., sec. 59; *Richmond, etc., Co.* v. *Hud-
gins,* 100 Va. 409, 413-417, 41 S. E. 736. . It is true that the
court covered this aspect of the case on the second trial by
language which was more accurate and legally exact, but
the inaccuracy of the phraseology above pointed out would
not have constituted error if the instruction as asked for
had been given.  Moreover, it seems quite certain from the
record, viewed in the light of the argument of counsel, that
the court in refusing the instruction in question on the first
trial, and in giving a similar one on the second trial, was
dealing with the proposition as a matter, not of form, but
of substance.  In other words, the trial judge evidently be-
lieved that he had tried the case the first time upon a sub-
stantially erroneous theory as to one of the rules of evi-
dence applicable thereto, and that he had thereby materially
prejudiced the rights of the plaintiff.  The case of *Chap-
man* v. *Real Estate Co.,* 96 Va. 178, 188, 31 S. E. 74, is in
point.  That case, it is true, involved the action of the trial
court in setting aside the first verdict solely on the facts,
while in the instant case the instructions were mainly in-
volved, but the reasoning of the opinion in the former is

directly applicable in the latter. The court there said: "There is always a fair presumption that the verdict of the jury is correct, and when the judge who presides at the trial, who has heard all the evidence, witnessed all the proceedings, and the manner of conducting the cause before the jury, is satisfied with the verdict and refuses to set it aside, an appellate court which cannot have an equal opportunity for forming a just judgment ought not to interfere without the strongest reasons for doing so. 'On the other hand,' as was said by Judge Baldwin, in *Patteson* v. *Ford*, 2 Gratt. (43 Va.) 19, 25, 'when the judge' (who presided at the trial), 'is dissatisfied with the verdict and grants a new trial, some latitude must be allowed to his discretion; especially where the propriety of its exercise is affirmed by a verdict on such new trial for the party to whom it was granted.' In setting aside the verdict the trial court must, to some extent, pass upon the weight of the evidence before the jury; and a stronger case must be made in order to justify an appellate court in disturbing an order granting a new trial, than where it has been refused. The reason usually assigned for this rule is that the refusal to grant a new trial operates as a final adjudication of the rights of the parties, while the granting of the new trial simply invites further investigation, and affords an opportunity for showing the truth without concluding either party. Barton's Law Pr., 725-6; *Ruffner* v. *Hill*, 31 West Va. 428, 431-2 [7 S. E. 13]."

We are satisfied that the court was warranted in setting aside the first verdict for the error in refusing the instruction above discussed. It is unnecessary, therefore, to consider certain other alleged and apparently probable errors in the instructions on the former trial.

This brings us to the second verdict, which was for the plaintiff, and on which the judgment complained of was entered.

The giving of the following instruction is assigned as error:

"The court instructs the jury that it was the duty of the defendant, Miss Trauerman, while driving her electric car or automobile along Broad street on the day of the alleged accident, to use ordinary care:

"(1) To keep the said car at all times under reasonable control by the use of the steering lever, brakes and current controller, with which the same was equipped.

"(2) To observe and obey the provisions of such traffic ordinances as the evidence shows were then in force in the city of Richmond, regulating the rate of speed of electric automobiles, and other like vehicles on Broad street, and regulating the manner in which parties driving such vehicles and going in the same direction should pass each other.

"And if the jury believe from the evidence that the said defendant, Miss Trauerman, failed to use ordinary care to perform any one or all of the foregoing duties, and that by reason thereof the car which she was driving left the driveway of said street, and ran partially or wholly upon the sidewalk, and struck and killed the decedent, James F. Oliver, while he was either standing or walking on said sidewalk, then the defendant was guilty of negligence, and if the jury further believe from the evidence that such negligence was the proximate cause of the death of the defendant, they must find for the plaintiff."

The complaint made of this instruction is that it undertakes to set out the whole law applicable to the case and is incomplete and erroneous, because of its failure to notice in some way the defendant's theory that the accident was the result of an intervening cause over which she had no control. To meet and overcome this alleged objection, the defendant at the trial requested the court to amend the instruction by adding, just after the direction to find for the plaintiff, the following clause: "unless the jury shall believe

from all of the evidence that the death of the decedent was due to some intervening cause over which the defendant had no control."

[4]   As appears from our previous statement of the case, there were two distinct theories, one offered by the plaintiff, and the other by the defendant, as to the cause of the accident.  As a general proposition, instructions given for one party to a controversy which ignore the theory of the other party thereto are erroneous.  The instruction here under review is not amenable to this objection, for it expressly told the jury that the plaintiff could not recover unless the defendant's negligence was the proximate cause of the accident; and there were other instructions in the case given for the defendant which explained proximate cause and intervening cause in such a way as that the jury could not have been misled by the instruction in question into supposing that they could find for the plaintiff if the injury complained of resulted from such an intervening cause as would have constituted a valid defense.

It is insisted, in the next place, that the court erred in giving plaintiff's instruction No. 4, as follows:  "The court instructs the jury that even if they believe from the evidence that an automobile struck the defendant's machine in passing, yet if they further believe from the evidence that at the time said machine was struck the defendant failed to have her car under reasonable control by not using her steering lever, brakes and current controller; or that at the time her machine was struck the defendant was exceeding eight miles per hour, or was driving at such a speed that her machine could not be promptly and quickly stopped under the conditions of traffic existing at that time, even though said speed was less than eight miles per hour; and that the defendant's failure to keep her machine under the control, or the speed at which she was going, efficiently contributed to the running of the defendant's machine onto the

pavement of Broad street, then she was guilty of negligence and you should find for the plaintiff."

[5]   The first objection made to this instruction is that it failed to take into consideration the defense of an intervening cause.   This objection is answered by the form of the instruction itself which expressly assumes that defendant's car was struck by another automobile, and then very properly proceeds to explain how, under one view of the evidence, this fact would not constitute such an intervening cause as to exempt the defendant from liability.

[6]   A further objection offered to the instruction is that the words "efficiently contributed" appearing therein are meaningless and misleading.   The following statement from the brief of counsel for defendant fairly presents the contention here made:   "The jury might infer from these words that even if the speed at which she was going would not have carried her upon the pavement without an independent intervening cause, that, nevertheless, because her automobile was the instrumentality through which the other automobile acting independently produced the accident, then she was liable."   This argument fails to make a proper distinction between contributing and intervening causes.   If the jury believed that the defendant's car was in fact struck by another car, then the question for their determination under this instruction was whether the injury complained of was attributable to a concurrence of the defendant's negligence with the impact from the other car or to the latter alone as the sole proximate cause.   *Va. Ry. & P. Co.* v. *Hill,* 120 Va. 397, 401, 91 S. E. 194.   This was the really vital and decisive question in the case, and, in the state of the evidence, as disclosed by the record, it belonged exclusively to the province of the jury.   The question was correctly and fairly submitted to them by this and other instructions, and their verdict thereon is conclusive.

[7]   Plaintiff's instruction No. 5 told the jury that even

if defendant's steering lever was knocked out of her hands by reason of a passing automobile striking her car, yet if a sufficient interval thereafter elapsed to enable her in the exercise of ordinary care to stop her car, and if her failure to do so was the proximate cause of the injury, they must find for the plaintiff.

It is said that there was no evidence to support this instruction, the claim being that there is nothing in the case to indicate that a sufficient time elapsed after her car was assumed to have been struck by a passing automobile for her to recover the steering lever and prevent the injury. It is quite true that the whole occurrence occupied only a few seconds, but there was evidence tending to show that if her car was in fact struck by a passing automobile, it thereafter ran far enough to have been stopped by an ordinarily prudent driver before the injury was inflicted.

The remaining assignments of error, being necessarily controlled by the conclusions already announced, are overruled, and the judgment is affirmed.

*Affirmed.*