# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

KEELING H. SISSON v. ELIJAH ANDERSON, AN INFANT, ETC.

January 16, 1936.

Present,. All the Justices.

The opinion states the case.

*James H. Price* and *W. Kirk Mathews,* for the plaintiff in error.

*Thomas A. Williams, L. C. O'Connor* and *Charles W. Ferrell,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This case involves an automobile accident at North avenue, near Pegg street, in the city of Richmond.

The defendant, Sisson, was driving his car in a southerly direction on North avenue; it was raining and leaves, in a wet and soggy condition, had collected in the street; there were several automobiles proceeding in the same direction as the defendant, and two cars, some distance apart, were proceeding on the same street in the opposite direction; the defendant passed one car and very near to the time of the accident a red Chevrolet coupe was just in front of him; in attempting to go around this car his car skidded for a considerable distance and swerved to the right. It appeared to get beyond his control and went off on the gravel sidewalk, where the plaintiff, Elijah Anderson, an infant, twelve years of age, and his infant sister, Daisy Anderson, were walking on their way to school. The plaintiff was quite seriously injured. On its course after the impact, the car struck and cut off a tree six inches in diameter and struck a stump and an embankment, where it came to a stop, about sixty feet beyond Pegg street.

The contention of the defendant was that the happening was an unavoidable accident; that the Chevrolet coupe, immediately in front of him, slowed up and came nearly to a stop, and that to avoid running into this car he had to turn his car to the right, when it skidded, with the unavoidable result, without negligence on his part. He claimed that he was traveling at a sped of about fifteen miles per hour.

The jury rendered a verdict for the plaintiff, assessing the damages at $5,000, and the court sustained the verdict.

The main question here presented is whether or not there was sufficient evidence of negligence on the part of the defendant to make it one for the determination of the jury.

Two witnesses, who were apparently disinterested and who were adults, familiar with the operation of automobiles, testified as to the speed of the defendant's car just before the accident.

Mr. Grinstead, a member of the Richmond Fire Depart-

ment, testified that he was an experienced automobile driver and that he saw the accident. His examination, in part, as to this was as follows:

"Q. When you first saw him how fast was he driving?

"A. To the best of my knowledge, and I have been driving a car at least fourteen years, he was running between twenty-five and thirty miles an hour.

"Q. Was he going twenty-five miles?

"A. I did not say twenty-five miles. I said between twenty-five and thirty."

William Purcell testified as follows:

"Q. Could you tell how fast it was going down the street?

"A. According to my estimate, I figure he was going between thirty-five and forty miles an hour."

Captain Joseph Ryan of the Richmond Police force, testified as follows:

"Q. Where was the car?

"A. The car was parked on the west side of St. James street (which is also referred to as North avenue), about sixty feet south of Pegg street. Part of the automobile was leaning against a tree, which was about six inches in diameter. The tree had been broken off."

Mr. Douglas R. Thompson, a witness introduced by the defendant, testified as follows:

"Q. Will you please state to the court and jury your version of the case and what you saw out there?

"A. I was going north on St. James street, right about the railroad track, when I first noticed this accident. When I first noticed Mr. Sisson he was coming out around a car; that is when I first took notice of him. It was a bad morning and raining. He went around this car between Fritz and Pegg streets, or along about Pegg street, and skidded and hit these children and knocked them over in the weeds and bushes."

A mere recital of this testimony makes it patent that there was a substantial conflict in the evidence as to the question of the defendant's negligence.

Of course, this makes it peculiarly a case for the jury.

Daniel Anderson, father of the plaintiff, testified as to a conversation between himself and the defendant just after the accident, which discloses damaging admissions made by the defendant. The witness was examined in part as follows:

"Q. Did you go to the place where she was (meaning the place where the little girl, Daisy, was after the children had been struck?)

"A. Yes, sir, as soon as I could get there.

"Q. Where did you go?

"A. I went to the store, because the girl was at the store at the corner of Pegg street and St. James street. I saw the girl in the store. A good many around there. I wanted to know how bad she was hurt. I saw Mr. Sisson in the back of the store. He said he had hit my girl. I said 'yes.' He said, 'My car got away from me and caused me to run into the girl.' That is all I know about it.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"Q. What did he tell you?

"A. He told me it was his fault because his car got away from him.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"Q. Did Mr. Sisson tell you he would fix the matter up with you?

"A. No, sir; he did not.

"Q. He acknowledged it was his fault and the car got away from him?

"A. Yes, sir. He asked did I have a family doctor. Before he got through talking with me he gave me a card with his physician's number. Before he got through talking with me the ambulance came and the officer came and told me to go to the hospital with the ambulance, and I left everything."

Mr. Sisson denied that he said or admitted that it was his fault. With that exception, he admitted the conversation practically as detailed by the witness Anderson. The jury, of course, had a right to believe Anderson.

In the case of *Trauerman* v. *Oliver's Adm'r,* 125 Va. 458, at page 462, 99 S. E. 647, 648, this court said, through Justice Holt:

"But the evidence was such as to entitle the plaintiff to have the jury instructed that if Oliver was struck by the car while he was standing on the sidewalk that fact would cast upon the defendant the burden of showing that the accident did not result from negligence on her part."

In *Smith* v. *Hollander* (Cal. App.), 257 Pac. 577, it is held that, the fact that a pedestrian on a sidewalk is struck by an automobile which is run upon the sidewalk raises a presumption that the automobile's operator was negligent.

In the case of *Rogles* v. *United Rys. Co.* (Mo. Supp.), 232 S. W. 93, 96, the court, in part, stated:

"Indeed, the fact that the driver permitted the truck to swerve from the street and to run upon the sidewalk, where it had no right to be, and over the plaintiff upon such sidewalk, where she had a right to be, was in itself evidence of negligence, if not gross negligence, in the operation of such truck, sufficient to submit the case to the jury."

In the case of *Price* v. *Burton,* 155 Va. 229, 154 S. E. 499, 500, this court said, through Justice Gregory:

"It must be borne in mind that unless the verdict of the jury is plainly wrong, or without evidence to support it, this court will sustain it. Under this rule, in view of the verdict of the jury, we will consider all material conflicts in the testimony as settled by the verdict in favor of the plaintiff.

"It is earnestly contended by the plaintiffs in error that there is no evidence in the record to establish any negligence on their part. The jury could have reasonably inferred that the automobile was not under proper control from the trail of blood extending on the highway for thirty-six feet. From this fact the jury could also have

reasonably found that the automobile was being driven too fast under the surrounding circumstances."

It is submitted that the jury in the case in judgment could reasonably have inferred that, from the distance which the car ran after the impact and its force in cutting off a small tree and only being stopped by an embankment and a stump, that the defendant's car was being driven too fast under the circumstances attending the condition of the street at the time. Of course, the admissions of the defendant, if the jury believed the witness Anderson, are even stronger to the effect that the defendant was negligent.

Certain instructions given by the court are urged as constituting the basis of error.

These instructions are quite the ordinary ones in like cases. There is nothing novel about them. There was evidence upon which to base them. Certainly we find no prejudicial error in them. We think that the verdict of the jury was right under the evidence, and that no error was committed by the trial court. Its judgment is, therefore, affirmed.

*Affirmed.*