# Richmond

## DAISY ANDERSON v. KEELING H. SISSON.

### April 28, 1938.

### Present, All the Justices.

The opinion states the case.

*Thomas A. Williams, L. C. O'Connor* and *C. W. Ferrell,* for the plaintiff in error.

*James H. Price* and *David Meade White,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Daisy and Elijah Anderson, minor children of Daniel Anderson, while walking on the sidewalk of St. James street, in the city of Richmond, were struck and injured by an automobile driven by K. H. Sisson. Each minor, by Daniel Anderson as next friend, and Daniel Anderson in his own right, instituted separate actions against Sisson—the minors to recover for personal injuries, and the father to recover sums expended for medical attention to, and loss of services of, the injured children.

The action instituted by Elijah Anderson was tried first and resulted in a judgment for him, which judgment was

affirmed by this court on the ground that the conflict in evidence presented a jury question. After the publication of the opinion in *Elijah Anderson's Case, Sisson* v. *Anderson,* 165 Va. 629, 183 S. E. 431, the other two cases were tried together and resulted in a verdict for defendant. The trial court sustained a motion to set aside the verdict as to Daniel Anderson and entered judgment in the sum of seventy-five dollars in his behalf for the medical care and attention incurred by him for necessary treatment of the children for injuries received. As the judgment for seventy-five dollars was less than the jurisdictional amount, the defendant could not, and the plaintiff, Daniel Anderson, did not seek to have that judgment reviewed by this court.

The court overruled the motion of Daisy Anderson and entered judgment on the verdict for defendant. Daisy Anderson, from that judgment, sought and obtained this writ of error.

Before the case was called for trial, plaintiff, in an attempt to hold defendant guilty of negligence as a matter of law, filed two pleas, one of *estoppel* and the other a plea of *res adjudicata.* The trial court rejected both pleas, which ruling is brought under review by the plaintiff's first assignment of error.

The material allegations in each plea are that the former action resulting in a verdict and judgment for plaintiff involved the same parties plaintiff and defendant and was for injuries resulting from the same acts of negligence. While Daniel Anderson was named as a party plaintiff in the former action, he was not the real plaintiff but was a party in his representative capacity as next friend of Elijah Anderson. In the case now under consideration he is a party plaintiff in his representative capacity as the next friend of his daughter, Daisy Anderson. The two actions were instituted by different parties to recover separate and distinct damages. A release and discharge by one of the plaintiffs would not release or discharge the defendant as to his liability to the other. The mere fact that the father was named as the next friend of both minors for the purpose of

instituting the actions did not make the causes of action less separate and distinct.

The simple question is, If two people are injured by one defendant in an accident, does a final judgment in favor of one of the injured parties conclusively establish the same defendant's liability for damages sustained by the other injured party?

"No party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party now seeking to secure the benefit of the former adjudication would have been prejudiced by it if it had been determined the other way. And conversely if the judgment binds one party it binds the other, even though he was successful in the litigation. 'The operation of *estoppels* must be mutual. Both the litigants must be alike concluded, or the proceedings cannot be set up as conclusive upon either.'" Freeman on Judgments (5th Ed.), section 428.

In *Rhines* v. *Bond,* 159 Va. 279, 165 S. E. 515, this is said: "We have not been cited to and have not found any case in which a judgment in an action of tort in favor of a sole plaintiff injured by the negligence of a defendant has been held to conclude that defendant when sued by another person for personal injuries received by him at the same time and in the same accident."

Plaintiff's second assignment of error involves instructions given for her and defendant.

It is significant to note that, while the evidence in the former case was substantially the same as in the instant case, the instructions were quite different. No instructions involving the principle hereinafter discussed were requested or given by the court in the case of *K. H. Sisson* v. *Elijah Anderson, supra.* In the case now under consideration, the trial court gave twelve instructions, six on request of plaintiff and six on request of defendant. In the instructions given for plaintiff, the jury were told that, if they believed that Daisy Anderson was struck and injured by defendant's automobile while she was walking on the sidewalk, then the burden of proof shifted to defendant to establish by the

preponderance of evidence that the injury to plaintiff was unavoidable, and that he did everything that a reasonably prudent person would have done under the facts and circumstances to prevent injuring her, and that if he failed to carry this burden, he was guilty of negligence.

The instructions given for defendant told the jury that the burden was upon the plaintiff to prove by affirmative and preponderating evidence that the defendant was negligent and that, if, after considering all the evidence, the jury believed that it was equally balanced, then the plaintiff could not recover.

It is apparent that both sides rely upon the doctrine of *res ipsa loquitur*, plaintiff contending that the doctrine, as applied to injuries inflicted by motor vehicles upon a pedestrian while on a sidewalk, converts the defendant's general issue into an affirmative defense.

The doctrine of *res ipsa loquitur* has been more frequently applied in cases brought by passengers against the common carrier to recover damages for personal injuries. See 20 R. C. L. 188, 189.

In *Richmond Ry. & Electric Co.* v. *Hudgins*, 100 Va. 409, 41 S. E. 736, 738, this was said: "The rule (*res ipsa loquitur*) is no longer limited to cases in which the injured party occupied contractual relations to the defendant." The opinion quotes with approval an excerpt from *Rose* v. *Stephens, etc., Transp. Co.* (C. C.), 11 F. 438, thus: " 'Undoubtedly the presumption (of negligence) has been more frequently applied in cases against carriers of passengers than in any other class, but there is no foundation in authority or in reason for any such limitation of the rule of evidence. The presumption originates from the nature of the act, not from the nature of the relations between the parties. It is indulged as a legitimate inference whenever the occurrence is such as, in the ordinary course of things, does not take place when proper care is exercised, and is one for which the defendant is responsible.'

"A presumption of negligence from the simple occurrence of an accident arises where the accident proceeds

from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in similar cases, or where it is caused by the mismanagement or misconstruction of a thing over which the defendant has immediate control, or for the management or construction of which he is responsible." *Chiles* v. *Ft. Smith Commission Co.*, 139 Ark. 489, 216 S. W. 11, 8 A. L. R. 493; *Stolle* v. *Anheuser-Busch, Inc.*, 307 Mo. 520, 271 S. W. 497, 39 A. L. R. 1001; *Noonan* v. *Great Atlantic & Pacific Tea Co.*, 104 N. J. L. 136, 139 A. 9, 56 A. L. R. 590; *Linberg* v. *Stango*, 211 Cal. 771, 297 P. 9, 75 A. L. R. 555, note 559.

This court applied the doctrine in the case of *Richmond Ry. & Electric Co.* v. *Hudgins, supra,* to recover damages sustained by the driver of a wagon, who was injured when his horse became frightened by a loud noise and an unusual volume of smoke which escaped from the street car in the face of the horse standing nearby. The instruction approved in that case so far as applicable to the burden of proof, stated that "in the absence of an explanation on the part of the defendant showing due care on its part, they (the jury) may infer that the defendant was guilty of negligence; * * *."

Plaintiff's instruction number five, except for consequential changes, was taken verbatim from an instruction copied in the opinion of *Trauerman* v. *Oliver's Adm'r*, 125 Va. 458, 99 S. E. 647. The court criticized the instruction and stated that, "but when read as a whole, the instruction can hardly fail to convey the idea that the burden, which was shifted to the defendant by the plaintiff's proof of the facts therein recited required no more than proof on her part that she did 'everything that a reasonably prudent person would do, under all the facts and circumstances of the case,' to prevent the injury," and, as authority for the proposition stated, cited *Richmond Ry. & Electric Co.* v. *Hudgins, supra.* The *Trauerman Case* has been cited with approval in two other cases, *Sisson* v. *Anderson, supra,* and *L. Bromm Baking Co.* v. *West,* 166 Va. 357, 186 S. E. 289. No distinction between the burden of proof and the burden

of going forward with the evidence was attempted or discussed in any of the three cases.

The doctrine, as applied in actions by a passenger against a common carrier, was reviewed at some length by Judge Buchanan in the case of *Norfolk-Southern R. Co.* v. *Tomlinson,* 116 Va. 153, 81 S. E. 89. On page 163 of 116 Va., 81 S. E. 89, 93, this is said: "In order to rebut the presumption of negligence arising from the derailment, the defendant, we do not think was bound to satisfactorily account for the cause of the accident. Sometimes accidents occur which are inexplicable, and to hold that a carrier of passengers must under all circumstances show what caused the accident in order to rebut the presumption of negligence arising from the accident itself would in such cases impose an impossibility upon the carrier, and render it practically an insurer of the safety of the passenger injured."

In *Carroll* v. *Boston Elevated Ry. Co., supra,* 200 Mass. 527, at page 536, 86 N. E. 793, it is said: "The defendant, in the explanation which it offered, was not called upon to account satisfactorily for the accident, although oftentimes when this has been done, the presumption of the carrier's carelessness disappears, but only to show or explain that it had not been guilty of negligence. After it had introduced evidence from which the jury could find that it had used due care in the construction, equipment and maintenance of the railway, the burden of proof had not been shifted, but still remained upon the plaintiff to establish the defendant's negligence upon all the evidence of which the presumption or inference of negligence upon proof of the derailment and injury formed only a part."

Again the question was reviewed in the case of *Hines* v. *Beard,* 130 Va. 286, 107 S. E. 717, 719, where Judge Burks, speaking of *res ipsa loquitur* as applied to the injuries of passengers by common carrier, said this: " 'Much ink has been shed' in the discussion of the doctrine of *res ipsa loquitur,* and we doubt if we can add anything new to the discussion. * * *

"The plaintiff having based his right of recovery on the negligence of the defendant must show it by a preponderance of the evidence, and at no stage of the case can he escape this responsibility. When he has proved to the satisfaction of the jury that he was a passenger, the derailment and his resulting injury, the doctrine of *res ipsa loquitur* dispenses with further proof on his part, until it is made to appear in some way, either by his own evidence or that introduced on behalf of the defendant, that it is at least probable that the derailment was not the result of the defendant's negligence. Unless the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence, the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict. If it is just as probable that the derailment is due to some other cause as to the negligence of the defendant, there can be no recovery by the plaintiff. This, we think, is the proper application of the maxim *res ipsa loquitur* to derailment cases, and the one sustained by the best considered cases."

Judge Burks in *Tidewater Stevedore Co.* v. *Lindsay,* 136 Va. 88, 116 S. E. 377, discussing the burden of proof in cases in which the doctrine of *res ipsa loquitur* was applicable, said: "Where the plaintiff's cause of action grows out of the alleged negligence of the defendant, the burden is on the plaintiff throughout the case to prove the negligence of the defendant. It never shifts to the defendant. It may be that upon proof of a given state of facts, a presumption or inference of negligence on the part of the defendant may be drawn which will entitle the plaintiff to a verdict if no further evidence is offered by the defendant, but in such case, in the absence of any evidence for the defendant, the plaintiff has carried the burden imposed upon him. He has not transferred it to the defendant. He has proved a case which entitles him to a verdict unless the defendant comes forward with some evidence which either excuses or exculpates him, or else leaves the matter in doubt and uncertainty. If when all the evidence is in, the matter

is in equipoise, the plaintiff must fail. The negligence of the defendant must be proved by affirmative and preponderating evidence. There must be more than a probability of negligence. If upon the whole case, the conduct of the defendant is equally consistent with the existence or non-existence of negligence on his part, then the plaintiff has failed to make out his case. *Norfolk & W. R. Co.* v. *Poole's Adm'r,* 100 Va. 148, 40 S. E. 627; *Chesapeake & O. R. Co.* v. *Catlett,* 122 Va. 232, 94 S. E. 934."

Judge Holt, for the court in *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280, reviewed the application of the doctrine of *res ipsa loquitur* and, after citing many authorities from this jurisdiction and elsewhere, concluded: "If, by burden of proof, we mean the burden of producing evidence, then that burden passes from party to party frequently during the progress of a trial. But if, by burden of proof, we mean the necessity which always rests upon a plaintiff to prove his case, then it never shifts."

The question was again before the court in *Virginia Elec. & Power Co.* v. *Lowry,* 166 Va. 207, at page 217, 184 S. E. 177; after a rather extended discussion of the prior Virginia decisions, this is said: "We have discussed these two cases," (the *Tomlinson Case* and the *Beard Case*), "at length for two reasons: (1) Because they overrule previous decisions of this court on the question of the burden of proof in the sense of the risk of non-persuasion, and (2) Because there are some expressions found in the opinions in *Chesapeake & O. R. Co.* v. *Baker,* 149 Va. 549, 140 S. E. 648, 141 S. E. 753; *Id.,* 150 Va. 647, 143 S. E. 299, which are not altogether in harmony with the views herein expressed. *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280.

■■ "The rule of *res ipsa loquitur,* as modified in the *Tomlinson* and *Beard Cases, supra,* and followed in the *Baker Case* and *Chesapeake & O. R. Co.* v. *Tanner,* 165 Va. 406, 182 S. E. 239, does not have the effect of shifting the burden of proof, and does not convert defendant's general issue into an affirmative defense, but when the evidence is

all in, the question of preponderance of evidence is for the jury. See *McCloskey* v. *Koplar*, 329 Mo. 527, 46 S. W. (2d) 557, 92 A. L. R. 641, and authorities cited in note thereto. It follows that, in a proper case, the jury may be instructed that it is not incumbent on defendant to account for the means or cause of the happening of the event resulting in injury to plaintiff; or, after due consideration of all the evidence, if they believed that it was just as probable that the injury resulted from a cause for which defendant was not responsible as a cause for which it was responsible, they should find for defendant."

The doctrine is not confined to any specific class of tort. It is available to plaintiff in any action based on negligence, where the instrumentality producing the injury is under the exclusive control of the defendant, and the accident is of such a character as does not occur if due care is used. The presumption or rather the inference arises from the nature of the accident and from the circumstances, not from the mere happening of the accident itself. *Riggsby* v. *Tritton, supra; Murphy's Hotel* v. *Cuddy's Adm'r,* 124 Va. 207, 97 S. E. 794; *Osborne* v. *Charbneau,* 148 Wash. 359, 268 P. 884, 64 A. L. R. 251, and note p. 255; *Linden* v. *Miller,* 172 Wis. 20, 177 N. W. 909, 12 A. L. R. 665; *Klein* v. *Beeten,* 169 Wis. 385, 172 N. W. 736, 5 A. L. R. 1240, and note 93 A. L. R. 1110.

The instruction given for plaintiff not only told the jury that the mere fact that plaintiff was struck upon the sidewalk, raised a presumption of negligence, but the instruction went further and told the jury that this fact made it incumbent upon defendant to overcome the presumption by the greater weight of evidence, thereby placing a burden upon defendant to establish a negative by a preponderance of the evidence.

The defendant's instructions, while not as accurately drawn as they might have been, were based on the principle that the burden to prove the negligence alleged remained on plaintiff throughout the case. These instructions embodied the principle that has been approved in the

line of Virginia cases cited, and is in accord with the best considered cases from other jurisdictions. See *McDowell* v. *Norfolk-Southern R. Co.,* 186 N. C. 571, 120 S. E. 205, 42 A. L. R. 857, and note 865; *Gray* v. *Baltimore & O. R. Co.,* 24 F. (2d) 671, 59 A. L. R. 461, note 468; *McCloskey* v. *Koplar, supra,* note 92 A. L. R. 653.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*