# Richmond

WILLIS E. DARDEN, ET AL. V. M. J. MURPHY.

November 25, 1940.

Record No. 2250.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*S. L. Sinnott* and *V. P. Randolph, Jr.,* for the plaintiffs in error.

*Montague & Holt* and *Kearney & Kearney,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The plaintiff, M. J. Murphy, was struck by a truck belonging to Swift and Company and driven by Willis E. Darden. On his motion for judgment he has been awarded compensation in the sum of $2,500.

This accident occurred in the town of Phoebus in the daytime on the 18th of July, 1938, at the intersection of Mallory street and County street. A "Stop" and "Go" light is at this intersection. In obedience to its signal, the truck, which was on Mallory street, came to a standstill; when the signal changed, it proceeded on its right towards Buckroe Beach. There was then an oncoming street car, and it was to avoid this car that the truck bore to the right and close to the right curb on Mallory street.

Plaintiff came out of Fuller's Hotel at the southeast intersection of these streets and started across Mallory street when he was struck. He contends that he was at the moment of the accident on the sidewalk while the defendant contends that he had reached the street itself. For reasons which will appear, we shall not undertake to discuss the merits of these claims.

At the instance of the plaintiff the court gave this instruction numbered two:

"The court instructs the jury that if you believe from the evidence that M. J. Murphy was injured by the automobile owned by the defendant, Swift & Company, Incorporated, and operated by the defendant, Willis E. Darden, while he was standing on the sidewalk in front of Fuller's Hotel in the town of Phoebus, Virginia, the burden

of proof is upon the defendants to show by a preponderance of the evidence that said injury was unavoidable, and that the defendants did everything that a reasonably prudent person would do under all the facts and circumstances in the case, to prevent injuring him, and unless they did this, they are guilty of negligence, and you must find for the plaintiff."

 Plaintiff's motion for judgment charges negligence, and this he must prove by a preponderance of the evidence. "The burden of proof" never shifts. Of course he may rest when he is of opinion that he has made out a *prima facie* case. If he be right in that, then, without more, he is entitled to a judgment. At that stage in the trial the burden of producing evidence to overcome the case thus made shifts to the defendant, and he must produce it or judgment should go against him; but the burden of proof never shifts. The same is true in a criminal prosecution. Upon the Commonwealth rests the burden of proof, and when it has made out a *prima facie* case it, too, may rest; but the presumption of innocence still obtains, and the burden of producing evidence to explain away the case made by the Commonwealth shifts to the accused. This he must produce or judgment should go against him.

 Our latest case dealing with this subject is *Anderson* v. *Sisson,* 170 Va. 178, 196 S. E. 688. There Mr. Justice Hudgins carefully reviews the Virginia law on this subject. The facts there are quite like those which appear here. The plaintiff, a child, while walking on the sidewalk of St. James street in the city of Richmond, was struck by an automobile driven by the defendant, Sisson. Here the plaintiff was struck by a truck driven by Darden. The cases differ only in this—the child was on the sidewalk; here the truck never left the street proper. This instruction the court gave:

"A presumption of negligence from the simple occurrence of an accident arises where the accident proceeds from an act of such a character that, when due care is taken in its performance, no injury ordinarily ensues from it in

similar cases, or where it is caused by the mismanagement or misconstruction of a thing over which the defendant has immediate control, or for the management or construction of which he is responsible."

It is copied from *Trauerman* v. *Oliver's Adm'r,* 125 Va. 458, 99 S. E. 647.

The trial court thought that it was open to criticism but said:

" * * * when read as a whole, the instruction can hardly fail to convey the idea that the burden, which was shifted to the defendant by the plaintiff's proof of the facts therein recited required no more than proof on her part that she did 'everything that a reasonably prudent person would do, under all the facts and circumstances of the case,' to prevent the injury," * * *

Answering this Mr. Justice Hudgins stated:

"The *Trauerman Case* has been cited with approval in two other cases, *Sisson* v. *Anderson, supra* (165 Va. 629, 183 S. E. 431), and *L. Bromm Baking Co.* v. *West,* 166 Va. 357, 186 S. E. 289. No distinction between the burden of proof and the burden of going forward with the evidence was attempted or discussed in any of the three cases."

Upon mature consideration these are the conclusions which he there reached:

"The instruction given for plaintiff not only told the jury that the mere fact that plaintiff was struck upon the sidewalk, raised a presumption of negligence, but the instruction went further and told the jury that this fact made it incumbent upon defendant to overcome the presumption by the greater weight of evidence, thereby placing a burden upon defendant to establish a negative by a preponderance of the evidence.

"The defendant's instructions, while not as accurately drawn as they might have been, were based on the principle that the burden to prove the negligence alleged remained on plaintiff throughout the case. These instructions embodied the principle that has been approved in the line of Virginia cases cited, and is in accord with the best con-

sidered cases from other jurisdictions. See *McDowell* v. *Norfolk-Southern R. Co.,* 186 N. C. 571, 120 S. E. 205, 42 A. L. R. 857, and note 865; *Gray* v. *Baltimore & O. R. Co.,* 24 F. (2d) 671, 59 A. L. R. 461, note 468; *McCloskey* v. *Koplar, supra* [329 Mo. 527, 46 S. W. (2d) 557, 92 A. L. R. 641], note 92 A. L. R. 653."

In *Virginia Electric & Power Co.* v. *Lowry,* 166 Va. 207, 184 S. E. 177, Mr. Justice Hudgins had already had occasion to consider this subject. He there said:

"We have discussed these two cases (*Hines, Director General* v. *Beard,* 130 Va. 286, 107 S. E. 717, and *Norfolk So. Ry. Co.* v. *Tomlinson,* 116 Va. 153, 81 S. E. 89) at length for two reasons: (1) Because they overrule previous decisions of this court on the question of the burden of proof in the sense of the risk of non-persuasion, and (2) Because there are some expressions found in the opinions in *Chesapeake & O. Ry. Co.* v. *Baker,* 149 Va. 549, 140 S. E. 648, 141 S. E. 753; Id., 150 Va. 647, 143 S. E. 299, which are not altogether in harmony with the views herein expressed. *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280."

In *Redford* v. *Booker,* 166 Va. 561, 185 S. E. 879, we said:

"The burden of proving testamentary capacity is on the propounder of the will and continues upon him throughout any contest on that question. *Dickens* v. *Bonnewell,* 160 Va. 194, 168 S. E. 610; *Good* v. *Dyer,* 137 Va. 114, 119 S. E. 277. This burden of proof is not to be confused with the burden of producing evidence. That burden frequently passes from party to party during the progress of a trial, but the necessity of proving his case always rests upon the plaintiff and never shifts. *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280."

In *Riggsby* v. *Tritton,* 143 Va. 903, 129 S. E. 493, 45 A. L. R. 280, this instruction was given:

"If the jury believe from the evidence that H. E. Riggsby was a common carrier of passengers, and that the plaintiff was his passenger and that while such passenger the plaintiff was injured as a result of a collision between

the jitney and the automobile of the defendant Franklin, then the court instructs the jury that there is a *prima facie* presumption that the accident and injury occurred by reason of the negligence of H. E. Riggsby and the burden of proof is upon him to show that he was without negligence in the collision."

This we held to be error and said:

"'The doctrine of *res ipsa loquitur* does not affect the burden of proof, or transform the general issue into an affirmative defense. * * * It shifts the burden of evidence, but not the burden of proof.' *Desmarchier* v. *Frost*, 91 Vt. 138, 99 A. 782; *Sweeney* v. *Erving*, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905."

These four late Virginia cases tell us of the present state of the law on this subject.

Authorities without number have elsewhere reached the same conclusion. Among them are *Chesapeake & O. Ry. Co.* v. *Smith*, 42 F. (2d) 111, writ of certiorari denied on appeal, 282 U. S. 856, 51 S. Ct. 32, 75 L. Ed. 758; *American Ins. Co.* v. *Naylor*, 101 Col. 34, 70 P. (2d) 349; *Town of Manchester* v. *Town of Townshend*, 110 Vt. 136, 2 A. (2d) 207; *Douglas Shoe Co.* v. *Pere Marquette Ry. Co.*, 241 Mich. 297, 217 N. W. 12; *Henes* v. *McGovern*, 317 Pa. 302, 176 A. 503; *Shockley* v *Morristown Produce & Ice Co.*, 158 Tenn. 148, 11 S. W. (2d) 900.

We may concede, if necessary, that if the plaintiff has shown that he was struck by an automobile when standing upon the sidewalk, he has made out a *prima facie* case, and that the burden of producing evidence to show that there was no negligence shifted to the defendant; but the burden of proof—the burden of supporting his allegations in his motion for judgment—rests upon the plaintiff and inheres until the case is ended.

Whenever the issue has been squarely presented, we have held that the burden of proof is not to be confused with the burden of producing evidence.

We may say in passing that the doctrine of *res ipsa loquitur* has no application; that is an evidential pre-

sumption sometimes resorted to where evidence is wanting. It was not wanting here. Both plaintiff and defendant undertook to explain the accident as it actually occurred and produced witnesses to sustain their claims. There is no room for presumption when there is positive affirmative evidence on the subject. *Rives* v. *Gooch,* 157 Va. 661, 162 S. E. 184.

Even if this doctrine were applicable, it would not shift the burden of proof.

In 92 A. L. R. 653, the rule is thus stated:

"The following cases support the statement made in the original annotation, to the effect that the rule *res ipsa loquitur,* when applicable, does not have the effect to shift the burden of proof as distinguished from the burden of evidence (or, as it is sometimes expressed, the burden of proof in the sense of the risk of nonpersuasion, as distinguished from the burden of going forward with the evidence)."

And in its support Federal cases and cases from seventeen States are cited.

Since this case is to be remanded, we shall not undertake to discuss the evidence.

*Reversed and remanded.*