## CIRCUIT COURT OF WISE COUNTY

Dennis Boggs, Administrator

v.

Lonesome Pine Hospital et al.

May 7, 1982

By JUDGE M. M. LONG, JR.

The defendant, Dr. A. W. North, by counsel has filed a motion to dismiss and a demurrer to the amended motion for judgment.

The first ground for demurrer assigned by the defendant is that the plaintiff in the amended motion for judgment requests damages in excess of $750,000.00; that Section 8.01-581.15 of the Code of Virginia limits recovery against a health care provider in a malpractice action to $750,000.00 for acts occurring after April 1, 1977.

It is alleged in the amended motion for judgment that the acts of malpractice occurred on and after July 13, 1978. Plaintiff has requested damages in the amount of $761,502.68. Section 8.01-581.15 limits recovery to $750,000.00. The demurrer will be sustained as to the amount in excess of $750,000.00

The defendant has also demurred on the ground that he has not received notice of or a reasonable description of the act or acts of malpractice alleged in paragraphs numbered V, VI, and VII of the amended motion for judgment as required by Section 8.01-581.2 of the Code of Virginia.

Paragraph numbered V of the amended motion for judgment alleges that the defendants were negligent in failing to diagnose and to prescribe proper treatment for the deceased. The notice to Dr. North from plaintiff's counsel

stated that Mrs. Boggs, in trying to get out of a wheelchair, got into a position of having one leg under her; that her arm and shoulder were pressed against the wheelchair cutting off her circulation; that she was unable to get out of that position until she was later discovered by her husband; and that as a result she developed blood clots which led to her death.

Notice to a health care provider that a person under his care developed a blood clot and died as a result thereof does not describe any act of malpractice. It does not inform the health care provider that the claimant is relying on failure to diagnose and prescribe proper treatment. Blood clots properly diagnosed and treated are at times fatal to patients.

The demurrer will be sustained as to paragraph numbered V and that portion of paragraph numbered VII relating to failure to properly diagnose and treat the deceased.

Plaintiff alleges in paragraph numbered VI that defendants were negligent in failure to exercise reasonable care to keep a proper watch over a patient just released from intensive care.

It is recited in the notice to Dr. North that Mrs. Boggs, after being released from intensive care, was placed in a wheelchair at approximately 3:15 p.m. out of the reach of a buzzer; that she became ill; that in attempting to get to a buzzer to summon a nurse, she was caught in the wheelchair in a position from which she could not remove herself; and that she remained in that position with circulation to her leg cut off until discovered by her husband at approximately 6:45 p.m.

I am of opinion that this notice gave a reasonable description of the act of malpractice alleged in paragraph numbered VI. The demurrer to paragraph numbered VI will be overruled.