## CIRCUIT COURT OF FAIRFAX COUNTY

Palmer

v.

Thomas M. Fulcher et al.

February 19, 1987

Case No. 67416

By JUDGE JACK B. STEVENS

This case is before the Court on motions of the Defendants Thomas M. Fulcher, M.D., Alfredo L. Legaspi, M.D., and Fairfax Anesthesiology Associates, Inc., and Fairfax Hospital Association following a verdict in Plaintiff's favor for 3.7 million dollars.

The motions, all of which were taken under advisement by the Court at the time they were made, may be summarized as (1) motions to strike the Plaintiff's evidence and for summary judgment in Defendants' favor at the conclusion of the Plaintiff's case; (2) the same motions to strike and for summary judgment made at the conclusion of all the evidence in the case; and (3) post verdict motions to set aside the verdict of the jury and enter judgment for Defendants *non obstante veredicto* or, in the alternative, for a new trial or to limit the amount of the verdict to $750,000 total pursuant to § 8.01-581.15, Code of Virginia (1950), as amended.

*The motions to strike the plaintiff's evidence, for summary judgment for defendants and for judgment notwithstanding the verdict.*

### Thomas M. Fulcher, M.D.:

Dr. Fulcher's motions are based upon the contention that the Plaintiff has failed to prove by expert testimony (1) the standard of care to be observed by the Defendant physician; (2) a deviation from that standard; (3) that such deviation was a proximate cause of Plaintiff's injuries; and (4) the claimed injuries and/or damages as dictated by *Bly* v. *Rhoads*, 216 Va. 645 (1976); *Little* v. *Cross*, 217 Va. 71 (1976); and *Raines* v. *Lutz*, 231 Va. 110 (1986).

While not abandoning points (1) and (2), Fulcher concedes these points for purposes of these motions and contends there is a total failure of proof by Plaintiff of points (3) and (4).

Dr. Fulcher's contention is that the expert testimony from Dr. Lewis Wetstein, Plaintiff's thoracic surgery expert, was insufficient as a matter of law to prove proximate cause or injuries resulting from a deviation from the standard of care.

Dr. Fulcher argues at length that there is no expert testimony directed toward his having "caused" the bleeding, the inability of Plaintiff to ventilate or Plaintiff's hypoxia. The Court is of the opinion that the record contains sufficient testimony by Dr. Wetstein for the jury, drawing permissible inferences, to conclude that the bleeding was in fact caused by the actions of Dr. Fulcher, and that the bleeding caused a clot which, in turn, caused the obstruction leading to the inability to ventilate and the plaintiff's subsequent hypoxia.

Further, assuming arguendo, that Dr. Fulcher is correct, he overlooks Plaintiff's other theory of liability that Dr. Fulcher's duty included remaining within the operating room to insure that Plaintiff was stable and ventilating properly whether he "caused" the bleeding or not. Even Defendant Fulcher's expert, Dr. Keshishian, agreed that a failure to remain under the hypothetical facts tendered to him would constitute a deviation from the standard of care. Certainly the jury was not required to ignore the fact that the obstruction to Plaintiff's

airway, the blood clots, was promptly removed by Dr. Fulcher when he finally did return to the operating room.

The Court is further of the opinion that Dr. Wetstein's testimony was sufficient to present Plaintiff's other theory of liability that Dr. Fulcher violated the required standard by not returning to the operating room when notified of Plaintiff's difficulty in ventilation.

The Court agrees that Dr. Wetstein did not testify concerning the damages or injuries to Plaintiff as a result of any deviation. He did, however, testify sufficiently, as previously stated, for the jury to find that a proximate cause of Plaintiff's hypoxic incident was the action and/or inaction of Dr. Fulcher. The injury aspect of Plaintiff's case was amply covered by Dr. Molinari and Dr. Snyder, the neurologists who testified as to Plaintiff's injuries resulting from the hypoxic incident. Such combined testimony was sufficient to support the verdict of the jury.

Dr. Fulcher's motions to strike the Plaintiff's evidence, for summary judgment and for judgment notwithstanding the verdict made at the close of the Plaintiff's case, at the close of all the evidence and after verdict are denied.

### *Alfredo L. Legaspi, M.D.*
### *and Fairfax Anesthesiology Associates, Inc.:*

Dr. Legaspi and Fairfax Anesthesiology Associates' motions are based upon the contention that (1) no expert testimony was presented to establish the required standard of care of Dr. Legaspi or that any action or inaction by him proximately caused Plaintiff's injuries; (2) the jury having found a verdict in favor of Defendant Heffner, judgment should be entered for Dr. Legaspi since Plaintiff proceeded against him under a theory of *respondeat superior*; and (3) Plaintiff never alleged that these Defendants did not meet the standard of care in efforts to have the surgeon, Dr. Fulcher, return to the operating room.

With regard to (1), the Court is of the opinion that Dr. Goffen, Plaintiff's expert, clearly stated that the standard of care required that Dr. Legaspi "summon the surgeon back as rapidly as possible." (Goffen transcript page 11). Secondly, the testimony of Dr. Goffen that the failure of the anesthesia team "to have Dr. Fulcher

return to the operating room prior to 1:00" was a cause of the damage suffered by the Plaintiff, taken in context, was sufficient to form a basis for the jury to determine the issue of Dr. Legaspi and Fairfax Anesthesiology Associates' liability.

The Court is further of the opinion that Defendants' (2) above is not well taken. The jury could very well have found that Defendant Heffner fully met the standard of care that Plaintiff's expert, Dr. Goffen, testified was required of the anesthetist or anesthesiologist, whether that be considered as summoning the surgeon, Dr. Fulcher, or Dr. Legaspi, under whose direction she worked. As Plaintiff points out, the Defendants' expert, Dr. DiFazio, testified that the standard of care only required Heffner to seek help from the anesthesia department, not the surgeon, Dr. Fulcher. (DiFazio transcript 157-58, 187). The jury may well have accepted Dr. DiFazio's standard.

With regard to point (3), the Court is of the opinion that the Plaintiff's position is correct and that the allegation of "failure to monitor and treat the patient so as to prevent irreparable damage due to bleeding" is sufficient to encompass a failure to summon the surgeon, Dr. Fulcher, back to the operating room.

The motions of Dr. Legaspi and Fairfax Anesthesiology Associates, Inc., to strike the evidence, for summary judgment and for judgment notwithstanding the verdict made at the close of the Plaintiff's case, at the close of all the evidence and after verdict are denied.

### The Fairfax Hospital Association:

The Hospital's motions are based upon the contention that (1) there was no evidence of negligence on the part of the operating room nurses, specifically Nurse Campbell, with respect to their alleged failure to summon the surgeon, Dr. Fulcher, as requested by Nurse Heffner and/or Dr. Legaspi; and (2) the Plaintiff failed to present expert testimony to establish the standard of care, deviation from that standard, and proximate cause of Plaintiff's injuries.

With regard to (1) the Court is of the opinion that there was sufficient conflicting testimony by the witnesses as to what was requested concerning Dr. Fulcher and what was done by Nurse Campbell to raise the issue of fact

of whether or not Nurse Campbell was negligent in carrying out the request to summon Dr. Fulcher to return to the operating room. As such, the question was clearly for the jury to resolve.

With regard to (2), the Court ruled in the course of the trial that expert testimony was not required concerning the alleged negligence of Nurse Campbell since the action or inaction of Nurse Campbell was clearly within the understanding and comprehension of the jury. The Court adheres to that ruling.

*Motions to Limit Recovery Pursuant to Section 8.01-581.15*

All defendants have filed motions to limit the Plaintiff's verdict to a total $750,000, the statutory amount, and to further limit Plaintiff to that amount as a total recovery, regardless of the number of defendants. Plaintiff contends that the statutory limit is unconstitutional and, in any event, if constitutional, should be a limitation only as to each defendant and not Plaintiff's total recovery.

These matters have recently been the subject of decision in Virginia in two cases which, while not binding on this Court, are highly persuasive. These cases are, of course, Judge Michael's opinion in *Boyd v. Bulala*, Civil Action No. 83-0557 (W.D. Va. 1986), and Judge Fortkort's opinion in this Court in *Williams v. Van Der Woude*, Law No. 70286.

This Court agrees with and adopts the reasoning of Judge Fortkort that the statutory limitation in Section 8.01-581.15 applies to *each* defendant individually and was not intended to limit Plaintiff's recovery regardless of the number of tort feasors.

The Court therefore holds that each defendant herein is liable to the Plaintiff up to the applicable amount of $750,000 without considering Plaintiff's contention that the statute is unconstitutional.

This Court further agrees with and adopts Judge Fortkort's reasoning in holding that § 8.01-581.15 is

unconstitutional as being in violation of the Equal Protection Clause of the 14th Amendment and in violation of the Virginia Constitutional right to trial by jury.

The Court therefore holds that § 8.01-581.15 is unconstitutional as stated and that plaintiff is entitled to the full amount of the jury verdict against each Defendant, jointly and severally.