## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Gloria DeRosa et al.

v.

C. Robert Meloni et al.

July 14, 1988

Case No. (Law) 12420

By JUDGE DONALD H. KENT

Plaintiffs have requested leave to file an Amended Motion for Judgment in order to add paragraph nineteen which was inadvertently omitted and to clarify paragraph twenty-one. The requested leave to amend is granted.

As conceded by plaintiff's counsel, Gloria DeRosa cannot maintain this action in her individual capacity. Accordingly, the Motion to Dismiss filed by defendant Dr. Smirniotopoulos is granted, and the demurrers of the other defendants based on this ground are sustained.

Defendants raise objections to plaintiff's Count I, medical negligence claim, asserting that plaintiffs are only entitled to seek relief under the Wrongful Death Statute, Va. Code § 8.01-50 et seq. In keeping with the rationale delineated in *El-Meswari v. Washington Gas Light Co.,* 785 F.2d 483, 490-91 (4th Cir. 1986), it appears that the medical negligence cause of action set forth in Count I must defer to a wrongful death cause of action as the exclusive remedy. *See also, Semler v. Psychiatric*

*Institute of Washington, D.C.*, 575 F.2d 922, 925 (D.C. Cir. 1978). This pending action does not appear to be the type of case where the cause of death issue might allow a decedent's survivors to choose between a survival action under Va. Code § 8.01-25 and a wrongful death action under Va. Code § 8.01-50. For this reason, Count I of the Motion for Judgment must be dismissed.

Defendant Dr. Souryal asks this Court to dismiss the claim for damages which are demanded in excess of the statutorily mandated limits on recovery. The limit placed on the recovery of punitive damages, Va. Code Section 8.01-38.1, is not applicable to this action because it only affects actions accruing on or after July 1, 1988. The statutory cap placed on the recovery of compensatory damages set forth in Va. Code § 8.01-581.15 is currently controlling. *See, Boggs v. Lonesome Pine Hospital*, 8 Va. Cir. 41 (1982), *but see, Williams v. Van Der Woude*, 8 Va. Cir. 263 (1986); *Palmer v. Fulcher*, 8 Va. Cir. 347 (1987). However, given the questionable constitutionality of this statute, the Court will defer ruling on the amount of compensatory damages that plaintiff may recover until a later date.

Defendant Dr. Smirniotopoulos and the other defendant doctors demur to the claim for punitive damages. As authorized by law, plaintiffs may recover punitive damages if it is proven that defendants' conduct was "willful or wanton" or where reckless conduct "evinces a conscious disregard for the safety of others." Va. Code Ann. Section 8.01-52(5) (Repl. Vol. 1984). Plaintiffs have pled that "[d]efendant Drs. Souryal, Smirniotopoulos and Meloni . . . negligently, wantonly and recklessly misdiagnosed and/or failed to . . . properly treat . . . expeditiously take appropriate . . . action; properly monitor decedent; conduct appropriate tests . . . and otherwise . . . care for decedent." *See*, Motion for Judgment paragraph 20. Along with these allegations, plaintiffs have pled specific factual allegations. Thus, it appears that plaintiffs have pled sufficient facts to entitle them to an award of punitive damages. As for the defendant hospital, there appears to be no claim made for punitive damages.

Defendant Dr. Smirniotopoulos is joined by the other defendants in raising a demurrer to plaintiffs' claims

based on res ipsa loquitur, lack of informed consent, and breach of warranty.

The first objection raised by the defendants is that the notice of claim for malpractice failed to set forth plaintiffs' intentions to establish the alleged acts of malpractice based on any one of these three theories. Pursuant to Va. Code § 8.01-581.2, a claimant must give notice of the time of the alleged malpractice and a reasonable description of the acts of malpractice. In Virginia, a physician's failure to obtain the informed consent of a patient is actionable as a cause of action for negligence based on the doctor's alleged failure to adhere to the proper standard of care. *Bly v. Rhoads*, 216 Va. 645, 222 S.E.2d 783, 785 (1976). Although sounding in negligence, a claim based on a doctor's failure to gather the patient's informed consent to the performance of a certain medical or surgical procedure is in itself an independent act of malpractice. As such, a fair reading of § 8.01-581.2 would require that the health care provider be apprised of a plaintiff's intent to rely on allegations involving a lack of informed consent. Because of plaintiffs' failure to timely notify the health care providers of this alleged act of malpractice, this court is without jurisdiction to hear plaintiffs' claim for damages premised on a lack of informed consent. For this reason, the Plea in Bar to this claim must be granted.

Defendants' second objection to plaintiffs' pleading these three theories of recovery is raised as a demurrer based on plaintiffs' failure to plead any facts which would support a recovery. The demurrers raised to plaintiffs' reliance on the doctrine of res ipsa loquitur and claim for breach of warranty must be sustained on this basis.

The doctrine of res ipsa loquitur is not a compensable-type claim. Instead, the doctrine is an "evidential presumption," *Darden v. Murphy*, 176 Va. 511, 11 S.E.2d 579 (1900), applicable to very limited circumstances as a way to prove negligence. This presumption is only available to a plaintiff where the cause of the injury is undetermined, the defendants had exclusive control of the means or the situation and where the case does not involve divided responsibility. Finding that there are no facts which have been

pled that would allow reliance on the doctrine of res ipsa loquitur, the defendants' demurrer shall be sustained.

Defendants demur to plaintiffs' claim for breach of warranty based on plaintiffs' failure to allege any facts which would support such a cause of action. Given that this case deals with a claim for medical malpractice, it focuses on the services that were rendered by several defendants. One who sells services, rather than goods, does not fall within the U.C.C.'s implied warranties. Based on the facts as alleged, there were only services provided in this case. Thus, there is no cause of action for breach of warranty and the demurrer must be sustained.

Lastly, several parties made motions regarding requests for discovery. It is the Court's ruling that defendant Dr. Souryal be compelled to answer interrogatories and requests for production of documents propounded to him within twenty-one days after receipt of this letter. Likewise, defendant Dr. Smirniotopoulos's request for a protective order shall be granted as it pertains to discovery requests inquiring into his personal financial matters. Plaintiffs' request for costs, expenses, and attorneys' fees incurred in bringing this motion shall be denied.